ARMAND ET AL. v. HURST ET AL.

[No. 12,431.   Filed November 5, 1925.]

1. MASTER AND SERVANT.—*Finding of Industrial Board that mother was "partially dependent" on son sufficient to support award in her favor.*—In a proceeding under the Workmen's Compensation Act, a finding by the Industrial Board that a mother was "partially dependent" on her son is sufficient to support an award in her favor, although it does not state that the mother looked to and depended on the contributions she received from her son for her support and does not contain a statement of the amount reasonably necessary to support the mother in a manner suitable to her condition and situation in life.   p. 596.

2. MASTER AND SERVANT.—*Revocation of workmen's insurance held ineffective where notice had not been given to Industrial Board as required by §73 of Workmen's Compensation Act.*—Under §73 of the Workmen's Compensation Act, as amended Acts 1919 p. 158, §9518 Burns 1926, §8020e3 Burns' Supp. 1921, providing that insurance policies issued thereunder should not terminate as to employees of the insured until ten days after written notice of such termination has been received by the Industrial Board, an attempted revocation of a policy by an insurer by notifying its agent that wrote the insurance that the policy would be canceled on a certain date was ineffective where no notice had been given to the Industrial Board, although the insured had surrendered the policy after the accident.   p. 597.

3. MASTER AND SERVANT.—*Award to mother of deceased employee was properly based on average weekly contribution by him to her during previous year.*—An award by the Industrial Board to a mother as a partial dependent of her deceased son under the Workmen's Compensation Act was properly based on the average weekly contribution made by him to her during the year previous to his death.   p. 598.

From Industrial Board of Indiana.

Application for compensation under the Workmen's Compensation Act by Bessie Ann Hurst against John W. Armand, employer.   From an award for claimant, the employer and his insurance carrier appealed.   *Affirmed.*   By the court in banc.

*James E. Rocap* and *John J. McShane,* for appellants.
*S. C. Kivett, R. M. Porter* and *Turner, Adams, Merrell & Locke,* for appellees.

McMAHAN, J.—On February 10, 1925, Cecil Hurst, an unemancipated minor son of appellee Bessie Ann Hurst, while employed by appellant John W. Armand was killed as the result of an injury which arose out of and in the course of his employment. On January 22, 1925, appellant London and Lancaster Indemnity Company of America, hereafter referred to as "London company," issued its policy to John W. Armand, insuring him for a period of one year from that date. This policy was issued through a broker, and was reported to and approved by the Industrial Board. On February 6, the London company asked the broker to take up and cancel this policy. The broker, without notifying the insured of the request received from the London company and without anything being said by the insured, applied to an agent of the Georgia Casualty Company for a policy insuring Armand as required by the Workmen's Compensation Act. The latter company thereupon issued its policy and delivered it to the broker February 9. On February 10, the broker, after having learned of the death of Cecil Hurst, wrote and mailed a letter of explanation to Armand, and enclosed the policy issued by the Casualty company. On February 11, or 12, Armand surrendered and delivered the London company's policy to the broker.

Mrs. Hurst, who was a widow, filed her application for compensation, on the ground that she was dependent upon her son for support. On a hearing by a single member of the board, an award was made against the employer and the London company, as the insurance carrier. The full board on appeal found that Mrs. Hurst was the surviving parent of Cecil Hurst, that he

was an unemancipated minor son and that he had during the twelve months next prior to his injury and death contributed services and earnings to her of the value of $1,100 and that she was a partial dependent upon him for such sum, that she was his only dependent, and that the London company was the insurance carrier of the employer and that the Casualty company was not his insurance carrier. Other facts were found, but since the only questions presented to us for our consideration relate to the sufficiency of the evidence to sustain the finding that the London company was the insurance carrier, and the sufficiency of the finding to sustain the award to the mother as a dependent, it is not necessary that we set out the finding in detail.

Appellants contend that the statement in the finding that the widowed mother "was a partial dependent upon" the deceased, is not sufficient to support an award. We cannot concur in this contention.

1. There is no claim that the evidence is not sufficient to sustain a finding that the mother was partially dependent upon her deceased son. The contention is that the finding is not sufficient because it does not contain a statement to the effect that the mother looked to and depended upon the contributions she received from her son, in whole or in part, for her support and that it does not also contain a statement of the amount reasonably necessary to support the mother in a manner suitable to her condition and situation in life. Without departing from the holding announced in *Rasin* v. *Miami Coal Co.* (1922), 79 Ind. App. 123, 137 N. E. 529, to the effect that a parent is not presumed to be dependent upon a child and that we must look to the facts to ascertain whether the parent, as a matter of fact, depended upon the child for support, that is, whether he relied upon the child for the necessities of life, we hold that the Industrial Board, in finding that Mrs. Hurst

was partially dependent upon her deceased son, of necessity found that she looked to this son in part for her support, and that the finding is sufficient, as against the objection urged, to support the award.

Appellants next contend that the evidence is not sufficient to sustain the finding that appellant London company was the insurance carrier of the employer at the time of the accident. This contention cannot be sustained. The policy issued by the appellant company had been delivered to the employer. It had been reported to and approved by the Industrial Board. The employer had received no notice of the desire of that company to cancel the policy theretofore delivered to him. The notice that company gave to the broker of its desire to cancel the policy was that it canceled the policy as of February 11, and that its liability thereunder ceased as of that date. It is provided in §73 of the Workmen's Compensation Act (§9518 Burns 1926, §8020e3 Burns' Supp. 1921, Acts 1919 p. 158) that all policies of insurance issued under that act should contain the provision that "any termination of this policy either by cancellation or expiration, shall not be effective as to employees of the insured covered thereby until ten days after written notice of such termination has been received by the Industrial Board" at its offices in the city of Indianapolis. The policy of the appellant company was not introduced in evidence, but, since it was reported to and approved by the Industrial Board, we will presume it contained the provision quoted. There is no claim that this provision had been complied with. According to the notice given the broker, liability under the policy was not to cease until the next day after the death of the injured employee. The policy issued by the Casualty company had not been reported to and approved by the Industrial Board, and, so far as appears from the record, never

became binding. We think it is clear that the policy issued by the London company was in force and effect when Cecil Hurst received his fatal injury.

Appellants next contend that if appellee was entitled to an award, it should have been for $11.17, instead of for $11.63. This is on the theory that the weekly wages of the deceased employee at the time of the injury was $22. We are unable to follow appellants' reasoning or method of calculation. If the award should be based upon a weekly wage of $22, the award should have been for $12.10, instead of $11.63. The Industrial Board, however, correctly based the amount of the award on the average weekly contribution made by the deceased employee to his mother the previous year.

The award is affirmed.