## Avalos *v.* Inland Steel Company.

### [No. 14,752.   Filed December 8, 1932.]

*Harry P. Long, George P. Rose* and *Freyburger, Baker & Rice,* for appellant.

*William J. McAleer, Francis J. Dorsey, James J. Clark* and *William L. Travis,* for appellee.

Wood, J.—The appellant, as surviving mother and dependent of her son, Jose Avalos, also known as Jose Avarrez, filed her claim for adjustment of compensation with the Industrial Board on account of the death of the decedent, as a proximate result of personal inju-

ries received by him, by reason of an accident arising out of and in the course of his employment by the appellee.

A hearing was had before a single member of the board on February 10, 1932. He found that the claimant was the mother of the decedent; that she was par tially dependent upon him and awarded compensation in the sum of $2.01 per week for three hundred weeks, to be paid in a lump sum. Appellant filed an application for a review of this award by the full board. Upon such review the full board found "from the evidence that the deceased, Jose Avarrez, contributed to the support of his mother, Altagracia Enriquez de Avalos, the plaintiff herein, during the year immediately preceding his death an average sum of $3.65 per week, and that the plaintiff relied upon and was partially dependent on said deceased employee to the extent of said contribution of $3.65 per week," and made an award of compensation just as had been made by the hearing member.

From this award appellant has appealed. The only assignment of error properly alleged which this court has held is sufficient to present for its consideration all questions contained in the record and properly briefed, see *Frazer* v. *McMillan* (1932), 94 Ind. App. 431, 179 N. E. 564, is that the award of the full Industrial Board is contrary to law.

All the facts entitling appellant to an award of compensation were stipulated except the relationship existing between her and the decedent, and her dependency upon him. Appellant complains because the full board found that she was only partially dependent upon the decedent and made an award accordingly, her contention being that the *uncontradicted* evidence shows that she was wholly dependent upon the decedent for her support, and therefore the full board should have

awarded her fifty-five per cent of the average weekly wage of the decedent.

A careful examination of the record does not sustain appellant's contention. Under Secs. 37 and 38 of the Workmen's Compensation Act (Acts 1919, p. 158), Secs. 9482-9483 Burns Supp. 1929, the extent of a parent's dependency upon a son or daughter in a case of this character is a question of fact for the Industrial Board. The finding and award is sustained by sufficient evidence. *Radanovic* v. *Vermillion Coal Co.* (1925), 83 Ind. App. 555, 149 N. E. 182; *Armand* v. *Hurst* (1925), 83 Ind. App. 594, 149 N. E. 371.

Appellant complains of the action of the single member and the full board in striking out answers given to certain interrogatories propounded to certain witnesses in depositions taken on behalf of appellant. These interrogatories asked for, and the answers given in response to them, were opinions or conclusions of the witnesses on matters which it was the duty of the Industrial Board to find as ultimate facts. The answers were properly stricken from the depositions.

Finding no error the award of the full Industrial Board is affirmed.