AMERICAN EMPLOYERS' INSURANCE COMPANY *v.* HUFFMAN ET AL.

[No. 15,054. Filed November 9. 1933.]

*Ralph B. Gregg,* for appellant.

*John F. Watkins, Lloyd D. Claycombe, Albert Stump* and *Harold N. Fields,* for appellee, James R. Huffman.

*Ray V. Gibbens, Herman L. McCray, Edward J. Boleman, Burrell Wright* and *Jacob S. White,* for appellee, Globe Indemnity Company.

CURTIS, J.—This was an application before the Industrial Board for an award of compensation by James R. Huffman which was originally instituted against the employer Interstate Trucking Company, the Globe Indemnity Company, and the Independence Indemnity Company, on account of an accidental injury suffered by said claimant, arising out of and in the course of his employment with the defendant, Interstate Trucking Company, which accident occurred on January 6, 1933.

The original board member made a finding and award against the Interstate Trucking Company and Globe Indemnity Company, and thereafter an application for review was filed before the full Industrial Board. The Globe Indemnity Company filed its verified application

before the said board requesting that the New York Indemnity Company, American Employers' Insurance Company and American Mutual Liability Insurance Company be made parties defendant before the full board. This motion was filed as to the American Employers' Insurance Company due to the fact that it covered the compensation liability of the Interstate Trucking Company up to October 28, 1931, at which time its policy expired and which policy was not renewed, but no notice of cancellation was given by it to the Industrial Board prior to the happening of said accident, as provided by the Indiana Workmen's Compensation Act.

The finding of the full board clearly sets out the facts. We quote it as follows, omitting formal parts:

"It appearing to the full Industrial Board of Indiana that heretofore on April 24, 1933, on a verified application filed by the defendants, Globe Indemnity Company, the American Employers' Insurance Company, New York Indemnity Company and the American Mutual Liability Insurance Company, were, by order of said board, each joined as party defendants herein and required to answer as to any interests they or each of them may have in this proceedings, and all of the parties including the above named additional defendants were duly notified that this cause was set for hearing before the full Industrial Board on Monday, May 29, 1933, at 2:30 P. M.; that thereafter the defendants, American Employers' Insurance Company and the American Mutual Liability Insurance Company, each by special appearance made by their respective counsel, filed their separate special answers and motions to set aside the order of the Industrial Board, dated April 24, 1933, whereby each of said defendants were ordered made party defendants herein; that on May 29, 1933, at 2:30 P. M., the plaintiff and all the defendants herein except the New York Indemnity Company, appeared by coun-

sel, and it was ordered by the board that the hearing of this cause be postponed until June 9, 1933, at 2:00 P. M., at which time the defendants would be permitted to present and introduce additional evidence in support of any issue made or tendered by the motions and pleading herein.

"And now on this ninth day of June, 1933, at 2:00 P. M., this matter was called for hearing before the full Industrial Board of Indiana at the office of said board in the State House, in the city of Indianapolis, Marion county, Indiana, at which hearing the plaintiff appeared by John F. Watkins, his attorney. The defendants, New York Indemnity Company and the Independence Indemnity Company, each failed to appear in person or by attorney; the defendant Globe Indemnity Company appeared by Ray V. Gibbens, its attorney, the defendant, American Mutual Liability Insurance Company, appeared, specially at this time, by James L. Murray, its attorney; the defendant, American Employers' Insurance Company, appeared, specially at this time, by Ralph Gregg, its attorney.

"It appears to the board that the defendant, Interstate Trucking Company, was on or about January 17, 1933, adjudged a bankrupt, and the administration of its estate is now in the hands of a duly appointed trustee in bankruptcy, and said trustee is not made a party defendant herein and the Interstate Trucking Company does not appear in person or by attorney; the board having heard the argument of counsel and being duly advised in the premises, now overrules each of the separate motions of each of the defendants, American Mutual Liability Insurance Company and the American Employers' Insurance Company, to vacate and set aside the order made by the board on April 24, 1933, whereby the said defendants were ordered joined as defendants herein, to which separate ruling by the board on each

of said separate motions, the said defendants at that time, separately and severally excepts.

"And the board having heard the evidence and argument of counsel and being duly advised in the premises, a majority of the members of said board finds: That on January 6, 1933, the plaintiff was in the employ of the defendant at an average weekly wage of $22.50, and on said date the plaintiff received a personal injury as the result of an accident arising out of and in the course of his said employment, that the defendant employer had knowledge of said injury and furnished some medical attention; that as a result of said accidental injury the plaintiff became disabled on January 7, 1933, which disability continued.

"The said members find that on November 16, 1931, the defendant, Interstate Trucking Company, caused to be filed with the Industrial Board of Indiana, form No. 18, presented by said board, the same being proof of insurance of liability to pay compensation, showing that said defendant had secured such insurance from the Globe Indemnity Company under policy UC-559885, covering injuries to defendant's employers after the 28th day of October, 1931, and at the same time the said Globe Indemnity Company attached thereto and filed therewith its certificate to the effect that it issued said policy UC-559885 to the Interstate Trucking Company insuring the liability of said employer to pay compensation to their employees for injuries accruing from and after the 28th day of October, 1931, until ten days after notice of termination is received by the Industrial Board of Indiana, in accordance with amended section 73 of the Workmen's Compensation Act of Indiana; that the Globe Indemnity Company never at any time thereafter filed with the Industrial Board of Indiana its notice of termination of said policy UC-559885, and that said

policy was therefore in full force and effect at the time of plaintiff's injury on January 6. 1933.

"The said members further find that on December 26, 1930, the defendant Interstate Trucking Company, caused to be filed with the Industrial Board of Indiana, on form No. 18, prescribed by the Industrial Board, the same being 'Employers' Proof of Insurance of Liability to Pay Compensation' to the effect that said employer had secured the payment of compensation to their employees by insuring its liability to make such payment for injuries occurring from and after the 18th day of September, 1930, with the American Employers' Insurance Company under its policy No. WC-56811, and at the same time the said American Employers' Insurance Company attached thereto and filed therewith its certificate to the effect that said policy No. WC-56811 was so issued as represented in the certificate so filed by the employer, and said policy form was approved by the Industrial Board and contained the provisions required by the Indiana Workmen's Compensation Act; that said policy was not cancelled by the said insurance company as required by the said act until May 6, 1933, at which time the said insurance company filed its written cancellation of said policy to the effect that said policy No. WC-56811 is terminated as of May 15, 1933.

"The said members find from the evidence that at the time of plaintiff's injury, the defendants, American Employers' Insurance Company and the Globe Indemnity Company, were the insurance carriers for the defendant, Interstate Trucking Company, within the meaning and provisions of the Indiana Workmen's Compensation Act.

"That the finding herein should be for the defendants, Independence Indemnity Company, New York Indemnity Company and the American Mutual Liability Company."

Upon the above finding the full board entered an award in favor of the appellee, James R. Huffman, against the Globe Indemnity Company and the appellant. It was also ordered that the employee take nothing as against the Independence Indemnity Company, New York Indemnity Company and the American Mutual Liability Company. The correctness of the award as to these three last named parties is not questioned by either side.

From the said award of the full board the appellant appealed to this court assigning as error that the award of the full board is contrary to law, and that the full board erred in ordering the appellant made a party in the proceedings before the full board upon the application of the Globe Indemnity Company. The first error assigned is a sufficient assignment to present all questions.

Neither the appellant nor the Globe Indemnity Company make any serious contention as to the right of the appellee, Huffman, to an award. The real question before this court is wholly between the appellant and the Globe Indemnity Company as to which one shall pay the award.

As to the legal obligation of each toward the injured employee, Huffman, they both stand alike insofar as they each have been an insurance carrier of the employer and the policy of each had expired before the accident and neither had filed with the Industrial Board its notice of the termination of its policy of insurance. Under the provisions of subdivision (e) of section 72 of the Indiana Workmen's Compensation Act, any termination of an insurance policy, either by cancellation or expiration, "shall not be effective as to employees of the insured covered hereby until ten days after written notice of such termination has been received by the Industrial Board of Indiana at its

office in Indianapolis, Indiana." See subdivision (e) of section 73 of the Indiana Workmen's Compensation Act. Acts 1929, page 537.

It is manifest that both the appellant and the Globe Indemnity Company are liable to the employee, Huffman, unless the appellant may escape such liability by virtue of its contention that the full board did not have the power under the act to order it made a party on the application of the Globe Indemnity Company in the hearing before the full board.

Section 59 of the above act provides that "the board by any or all of its members shall hear the parties at issue, their representatives and witnesses, and shall determine the dispute in a summary manner." Section 60 of the act provides for a review before the full board under certain conditions "as soon as practicable and shall make an award and file the same. . . ." Section 61 of the act, among other things, provides for an appeal to this court on questions of law and further provides that "all such appeals and certified questions of law shall be submitted upon the date filed in the appellate court, shall be advanced, upon the docket of said court, and shall be determined at the earlies practicable date, without any extension of time for filing briefs." In construing the said act and particularly the above provisions this court has on numerous occasions said that the proceedings should be expeditious to the end that the purposes of the act be not defeated by delays.

When the act itself and its purpose is considered we can see no reason why the board at any time, upon a proper showing, or of its own motion may not order that any additional party be joined when the presence of such party is necessary for a full determination of the matter in issue. Reasonable notice, of course, would be required before a final hearing

of the cause. In the instant case there can be no doubt about the reasonableness of the notice.

It is our opinion that the full board did not exceed its authority in making the appellant a party at the time and in the manner it did. The award of the full board is not contrary to law and it is affirmed and increased ten per cent.

Award affirmed.