In the Matter of the Claim of EMIL OTTERBEIN, Respondent, against BABOR AND COMEAU COMPANY et al., Appellants.

STATE INDUSTRIAL BOARD et al., Respondents.

(Argued September 30, 1936; decided November 24, 1936.)

*J. Vanderbilt Straub* and *Edward L. Johnson* for appellants.

*Harry A. Dicker* for Massachusetts Bonding Company, respondent.

HUBBS, J.   The sole question here involved is whether the respondent, Massachusetts Bonding Company, with the Glens Falls Indemnity Company, appellant, should be held jointly liable for payment of the award.

The respondent Massachusetts Bonding Company issued a standard New York State compensation policy to the employer for the calendar year from January 1, 1934, to January 1, 1935.   Under date of April 19, 1934, the Massachusetts Bonding Company requested the employer to seek workmen's compensation insurance in some other company.   On April 26, 1934, the employer notified the Massachusetts Bonding Company that on and after May 1, 1934, the employer would be covered for workmen's compensation by the Glens Falls Indemnity Company, the appellant herein, and that company did issue a

standard New York State compensation policy as of May 1, 1934, which policy was in force at the time of the accident sustained by claimant on August 2, 1934. Under date of April 26, 1934, the employer executed a cancellation voucher and release whereby it accepted cancellation of the policy issued by the respondent Massachusetts Bonding Company as of the 1st day of May, 1934, which cancellation notice was delivered to the Massachusetts Bonding Company in substitution for a return of the policy. No notice of cancellation was sent to or filed with the Commissioner until August 2, 1934, the date of claimant's accident. That notice stated that the policy in question was canceled as of May 1, 1934.

The appellant Glens Falls Indemnity Company concedes its liability for part of the loss but contends that the Massachusetts Bonding Company should be held equally liable and that half the award should be charged against that company on the ground that failure to file notice of cancellation as required by subdivision 5 of section 54 of the Workmen's Compensation Law (Cons. Laws, ch. 67) kept its policy in force on the date of the accident. Subdivision 5 reads as follows:

" 5. Cancellation of insurance contracts. No contract of insurance issued by an insurance carrier against liability arising under this chapter shall be cancelled within the time limited in such contract for its expiration until at least ten days after a notice of cancellation of such contract, on a date specified in such notice, shall be filed in the office of the commissioner and also served on the employer. Such notice shall be served on the employer by delivering it to him or by sending it by mail, by registered letter, addressed to the employer at his or its last known place of residence; provided that, if the employer be a partnership, then such notice may be so given to any one of the partners, and if the employer be a corporation then the notice may be given to any agent or officer of the corporation upon whom legal process may be served. Provided, however, the right to cancellation of a policy

of insurance in the state fund shall be exercised only for non-payment of premiums."

In determining the legislative intent as to when a contract of insurance shall be deemed canceled within the meaning of subdivision 5 of section 54, we may consider the accepted definitions of the words " cancel " and " cancellation." To cancel is " to annul or destroy; to revoke or recall," and, with respect to insurance, the word " cancellation " means " the termination either by the insured or the insurer, or by both, of insurance in accordance with the terms of the cancellation clause of a policy." (Webster's New International Dictionary, 2d ed.)

Here there was an agreement between the carrier and the insured to void the existing contract. The effect intended was " to annul or destroy; to revoke or recall " the existing contract and thus an attempted cancellation thereof. If effective, such termination of the contract would release the carrier from liability arising under the Workmen's Compensation Law. It must be assumed that in enacting subdivision 5 of section 54, the Legislature had it in mind that a contract of insurance might provide that the coverage of the policy could be terminated by act of the carrier, by act of the employer, or by agreement between the carrier and employer. Though subdivision 5 of section 54, if strictly construed, might be held to refer only to a cancellation by act of the carrier without acquiescence on the part of the insured, since it requires notice to the insured as well as to the commissioner, this court has already held that its application is not to be so restricted. In *Matter of Passarelli* v. *Columbia Engineering & Contracting Co.* (270 N. Y. 68, 73) it was said: " The insurance company urges that, since the statute requires notice to the employer as well as to the commissioner, it only applies where cancellation is sought by an insurance company and not where the employer seeks the cancellation. The section must be given a broader construction."

There the employer, after the accident, had stated that he did not want the policy and that he wanted the company to waive its premiums. While there but one insurance company was involved and the attempted cancellation occurred after the accident, the real question was as to whether there could be a cancellation without notice to the Commissioner and it was held that such cancellation could not be had.

In *Matter of Arner* v. *Manhattan Spring & Couch Co.* (264 N. Y. 501), policies issued by three carriers were involved. All three carriers were held liable. One carrier contended that subdivision 5 of section 54 was not intended to apply to a cancellation accepted by the employer before any accident had occurred where other and valid insurance was in force at the time of the accident. The only distinguishing features between the situation of that particular carrier in the *Arner* case and the respondent Massachusetts Bonding Company in the case at bar, are that in the *Arner* case there was notice to the employer that the company was canceling its risk as of a specific date, while here the company had notified the employer that it desired to be released from the risk without specifying a date for termination of coverage, and in the *Arner* case an insufficient time had elapsed between the notice of cancellation and its effective date to make the notice effectual as against the employer, while here the question of insufficiency of time was involved only with respect to the notice filed with the Commissioner. Despite such distinguishing features, the fact remains that we there affirmed a decision holding liable companies which had not filed and served the notice required by the statute although other valid insurance was in force at the time of the accident.

The statute provides in concise terms the effect of failure to file notice of cancellation in the office of the Commissioner. Its purpose is to afford to the Commissioner an opportunity to see that new insurance is

provided in place of the canceled insurance and thereby afford protection to employees. The statute cannot be interpreted to mean that a carrier attempting a cancellation is to be liable if, in fact, new insurance is not provided, and not liable if new insurance is provided. The carrier cannot avoid the plain requirement of the statute where the attempted cancellation is the act of the carrier alone. The statute applies as well to cases where the attempted cancellation is at the request of the employer or by agreement between the employer and carrier. Notice of cancellation must be given to the Commissioner in all cases in order to make an attempted cancellation effective. Cancellation of the policy is an act of the carrier whether it is brought about through act of the carrier alone, through request on the part of the employer, or by agreement between the parties. When a cancellation is attempted, the obligation rests upon the carrier to give the statutory notice if it is to be exempt from liability under its policy.

The order of the Appellate Division and the determination of the State Industrial Board should be modified by making the award against the claimant, the Glens Falls Indemnity Company, and the Massachusetts Bonding Company, and as so modified, affirmed, with costs in this court and in the Appellate Division to the appellants against the Massachusetts Bonding Company.

CRANE, Ch. J., LEHMAN, O'BRIEN, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.