INLAND STEEL COMPANY v. FRIES ET AL.

[No. 17,120. Filed June 22, 1943. Rehearing denied September 29, 1943. Transfer denied October 25, 1943.]

McAleer, Dorsey, Travis & Young, of Hammond, for appellant.

J. Edwin Smith, of Gary, for appellees.

ROYSE, C. J.—This is an appeal from an award of the Industrial Board. Appellees jointly, separately and severally filed a verified original and duplicate, also an amended complaint, to which appellant filed no written answer. The cause was heard by a member of the Industrial Board at Gary on March 17, 1942. Upon motion of appellees the complaint was amended and prosecuted in the names of Phyllis, Jimmy, Everett and Robert Anderson, minors, by their next friend and mother, Melissa Fries. Thereafter, the hearing member entered an award in favor of said minors, as partial dependents, for 300 weeks' compensation at $8.25 per week.

Appellant filed application for review of said award by the full board. The board entered an order directing that Melissa Fries be made a party-plaintiff, and remanding the cause for retrial, to which order appellant filed objections, which were overruled. The cause was set for retrial before a member of the board at Gary, but before proceeding to trial appellees filed an amended complaint. Trial was had on said amended complaint and said member entered an award granting 300 weeks' compensation at $8.25 per week to the minor dependents and that Melissa Fries was not a dependent. An appeal was taken to the full board, which entered an award in favor of Melissa Fries and said minor dependents for 300 weeks' compensation at $8.25 per week.

The error relied upon for reversal in this court is

that the final award of the full Industrial Board is contrary to law.

Appellant contends the award of the board granting compensation at the rate of $8.25 per week is not sustained by the evidence. This makes necessary a consideration of the evidence.

There was a stipulation to the following effect:

"It is stipulated by and between the parties hereto that Lloyd Anderson was working for and in the employment of the defendant, Inland Steel Company, on the 18th day of October, 1940; that on said date he met with an accident arising out of and in the course of his employment, and from which he sustained an injury and died as a result thereof on the 20th day of October, 1940, at the hour of 3:30 o'clock, A. M.; that his average weekly wage was in excess of $30.00 per week; that the statutory burial expenses of $150.00 were paid by the defendant; that medical attention was furnished and paid for by the defendant."

The only evidence on the question of dependency was the testimony of appellee Fries. She testified decedent was her son by her first husband. The appellees Phyllis and James Anderson were decedent's full sister and brother. Everett and Robert Anderson were his half-brothers. She is remarried and lives with her husband. Decedent lived with her for about three months when he was employed by appellant. Prior to this he worked on a farm and was at home over the week ends. She keeps boarders to help support her children. Decedent contributed to the support of his mother, brothers and sister. Out of his first semi-monthly pay as an employee of appellant he gave her $15, then $30, and out of his last pay he only gave her $5 because he had to get a suit and overcoat. Prior to the time decedent went to work for appellant he made regular payments of $15 per month for the support of appellees out of his pay

as a farm hand. With the money contributed by the deceased she bought clothes for the children and was starting to get their teeth fixed; that since his death she has not been able to support the children in the same manner as she did before his death; that she has to work to help support them; that they need dental work and one child is in need of having his tonsils and adenoids removed, which she is unable to take care of; that she has one child by her present husband and the husband supports that child; that her husband has not adopted her children by her former marriage. Decedent was twenty years old at the time of his death.

We are of the opinion the above evidence shows the average weekly contribution of decedent, to the support of appellees, was more than sufficient to warrant the award of $8.25 per week made by the Industrial Board.

Appellant next contends the Industrial Board is without authority to remand a case for additional evidence or retrial. The evidence discloses that after the original finding of the hearing member, appellant filed a petition for review before the full board. On June 1, 1942, the full board made the following finding and order:

"And now the full Industrial Board, after hearing the argument of counsel and reviewing the evidence in the case, finds that there is a necessary party plaintiff that was not made a party-plaintiff in this case and that the party-plaintiff that was not made a party is Melissa Fries, the mother of the other plaintiffs in this case and the mother of the decedent Lloyd Anderson.

"Now the full Industrial Board finds that the mother is a necessary party-plaintiff in this case.

"ORDER: It is therefore ordered, by the full Industrial Board of Indiana, that in order to protect the rights and interests of all parties in this case, that this case is hereby remanded for a hearing before a single member of the Industrial Board

and that the plaintiff's complaint shall be amended to make Melissa Fries, the mother of the other plaintiffs in this case, a party-plaintiff and that the case be set for retrial at some future date at the convenience of the Industrial Board of Indiana.

"Dated this 1 day of June, 1942."

In the case of *American Employer's Insurance Company* v. *Huffman et al.* (1933), 97 Ind. App. 548, 187 N. E. 410, this court said at p. 555: "When the act itself and its purpose is considered we can see no reason why the board at any time, upon a proper showing, or of its own motion may not order that any additional party be joined when the presence of such party is necessary for a full determination of the matter in issue. Reasonable notice, of course, would be required before a final hearing of the cause."

Certainly when an additional party is joined, such party would not be bound by the evidence heard before such party was so joined. Therefore, it was a matter resting in the sound discretion of the Industrial Board as to whether or not the cause should be reheard before a single member of the board. It not being shown that the board abused its discretion, its order cannot be reversed.

Appellant finally contends the Industrial Board was without jurisdiction to hear and determine this cause because the evidence shows that appellees' decedent was a minor twenty years old at the time of his death, and that the Indiana Workmen's Compensation Act, § 40-1701, Burns' 1940 Replacement, provides "This act shall not apply to minors over the full age of eighteen [18]." This provision is the last sentence of Clause (b) of said section, which provides in full as follows:

"(b) The term 'employee,' as used in this act, shall be construed to include every person, includ-

ing a minor, in the service of another, under any contract of hire or apprenticeship, written or implied, except one whose employment is both casual and not in the usual course of the trade, business, occupation or profession of the employer. Except as herein otherwise provided, all such minor employees are hereby made of full age for all purposes, under, in connection with or arising out of this act. Any reference to an employee who has been injured shall, when the employee is dead, also include his legal representatives, dependents and other persons to whom compensation may be payable. Except as hereinafter otherwise provided, if the employee be a minor who, at the time of the accident, is employed, required, suffered or permitted to work in violation of any of the provisions of any of the Child Labor Laws of this state, the amount of compensation and death benefits, as provided in this act, shall be double the amount which would otherwise be recoverable. The insurance carrier shall be liable on its policy for one-half of the compensation or benefits that may be payable on account of the injury or death of such minor and the employer shall be wholly liable for the other one-half of such compensation or benefits. If such employee be a minor who is not less than sixteen [16] years and not more than eighteen [18] years of age and who at the time of the accident is employed, suffered or permitted to work at any occupation which is not prohibited by law, the provision of this act prescribing double the amount otherwise recoverable shall not apply. The rights and remedies herein granted to a minor subject to this act on account of personal injury or death by accident shall exclude all rights and remedies of such minor, his parents, his personal representatives, dependents, or next of kin at common law, statutory or otherwise, on account of such injury or death. This act shall not apply to minors over the full age of eighteen [18]."

We are of the opinion that the last sentence of this clause refers exclusively to the subject-matter contained in said clause. To hold otherwise would be to say it

was the intention of the Legislature to exclude from the humane benefits of this act all employees between the ages of eighteen and twenty-one years. Such a construction would be a perversion of the legislative intention.

The award of the Industrial Board is affirmed with the statutory five per cent (5%) penalty.

NOTE.—Reported in 49 N. E. (2d) 382.