Foster, P. J.
This is an appeal by the London & Lancashire Indemnity Company of America from an award of compensation which directed that 50% thereof should be charged against appellant carrier and 50% against the State Insurance Fund.
Claimant, a berry picker, was injured on July 28, 1947. Her employer had a policy of compensation insurance issued by appellant. On July 25, 1947, three days before the accident, appellant orally notified the employer that it desired to cancel its policy, effective as of midnight that day. The employer immediately got in touch with the Rochester office of the State Insurance Fund and procured other coverage, in the form of a binder, effective as of 12:01 a.m. July 26, 1947. It is conceded that the insurance represented by this binder was in full force and effect on the date of the accident. On the same day, that is July 26th, the employer surrendered appellant’s policy and received a credit on the premium to that date.
Under date of August 1, 1947, appellant gave the employer a written notice of cancellation to become effective as of August 14,1947. This notice was sent in compliance with subdivision 5, of section 54, of the Workmen’s Compensation Law, which reads in part as follows: “ No contract of insurance issued by an insurance carrier against liability arising under this chapter shall be cancelled within the time limited in such contract for its expiration until at least ten days after a notice of cancellation of such contract, on a date specified in such notice, shall be filed in the office of the chairman and also served on the employer; provided, however, that if the employer has secured insurance with another insurance carrier which becomes effective prior to the expiration of the time stated in such notice, the cancellation shall be effective as of the date of such other coverage ”.
Appellant contends that its policy was cancelled when the same was surrendered, and that it came within the literal provisions of the statute quoted because the employer had secured other insurance which became effective prior to the expiration date stated in its written notice of cancellation. The board has found to the contrary that both policies were in effect at the time of the accident. Accordingly it held appellant jointly liable with the State Insurance Fund.
Appellant is in effect contending for the right to have can-celled its policy first and to have complied with the requirements of the statute afterwards. We think this is contrary to the intent and purpose of the statute. A policy of workmen’s compensation insurance may not be cancelled at the request of *685 the insured alone, nor may it be cancelled by agreement between the insured and the insurer (Matter of Teufel v. Lido Club Hotel, 228 App. Div. 870; Matter of Otterbein v. Babor & Comeau Co., 272 N. Y. 149). For obvious reasons of public policy underlying the very structure of the Workmen’s Compensation Law a policy may only be cancelled in strict conformity with the statute. The statute requires first a written notice with a definite cancellation date, and the saving clause as to the effect of other insurance applies only to the period after the notice has been given and before the cancellation date fixed therein has been reached (Matter of Feely v. Eagle Plastics Corp., 266 App. Div. 926, motion for leave to appeal denied 291 N. Y. 828).
The award should be affirmed in all respects, with costs and disbursements to the State Insurance Fund.
Hefferxau, Brewster, Bergaft and Coorr, JJ., concur.
Award affirmed, with costs and disbursements to the State Insurance Fund.