GUARANTEE INSURANCE COMPANY *v.* PHILLIPS ET AL.

[No. 18,143. Filed March 16, 1951. Rehearing denied April 11, 1951. Transfer denied May 22, 1951.]

*Mark W. Gray; Erle A. Kightlinger;* and *Armstrong & Gause,* all of Indianapolis, for appellant.

*Bredell, Cooper & Martin,* of Indianapolis; *Paul R. Schnaitter;* and *Cooper, Cooper & Cooper,* both of Madison, for appellees.

Royse, J.—This appeal arises out of a dispute between appellant and appellee Vernon General Insurance Company (hereinafter the term appellee will be used to refer to this Company) as to whether either are singularly or jointly liable as the insurance carrier of appellee Cutter for an award of compensation made by the Industrial Board in favor of appellees Phillips.

There is little dispute in the facts disclosed by the record in this case. They may be summarized as follows: On the 6th day of May, 1949 Leroy Phillips was an employee of appellee Cutter. On that day he sustained injuries as the result of an accident arising out of and in the course of his employment and died the same day as the result of said injuries. He left surviving him the appellees Phillips who are his widow and children who were wholly dependent on him for their maintenance and support.

The dispute between appellant and appellee arises out of the following facts: Appellee was the insurance carrier for appellee Cutter on its policy for the period from 12:01 A.M. April 27, 1948 to April 27, 1949. Among other provisions its policy of insurance contained the following provision:

"That any termination of this policy either by cancellation or *expiration* shall not be effective as to employees of the insured hereby until 10 days after written notice of such termination has been received by the Industrial Board at the office in Indianapolis, Indiana."

Sometime prior to April 27, 1949 appellee Cutter's agent (who was at the time also the agent of appellee) who wrote appellee stating appellee Cutter desired to renew this policy for another year. Appellee sent said agent a new policy and a copy of the daily of policy number which contained the declarations as they appeared on

the original policy. Among other provisions this contained the following:

"The period during which the policy shall remain in force, unless cancelled as in the policy provided (herein called the policy period) shall be from April 27, '49 to April 27, 1950 at 12:01 o'clock standard time as to each of said dates at the place where any operation covered hereby is conducted as respect that operation, or at the place where any injury covered hereby is sustained as respects that injury."

As was usual in his transactions with appellee Cutter, the agent kept this policy for said appellee in the bank where the agent was employed. On May 4, 1949 the agent received the following letter from appellee:

"Dear Mr. Gausman:

Our claim department has just advised us of the extremely high loss ratio of the above assured under his previous Workmen's Compensation policies. Therefore we must ask you to return the above policy for cancellation. If we receive this policy within the next five (5) days we will be glad to cancel flat.

Awaiting your immediate reply, we are,

Yours very truly,

Horace Bounds

Compensation and Liability Department."

When the agent received this letter he wrote a Mr. Donaldson, an insurance agent at Indianapolis, asking him to procure a Workmen's Compensation policy for appellee Cutter. Donaldson procured a policy from appellant effective from May 4, 1949 to May 4, 1950. Among other provisions this policy contained the following:

"Item 6. No similar insurance has been canceled by any insurance carrier during the past year—except as herein stated: No exceptions."

Condition J.—"If this Employer carries any other insurance covering a claim covered by this Policy, he shall not recover from the company a larger proportion of any such claim than the sum hereby insured bears to the whole of valid and collectible insurance."

In a letter which bore the date May 4, 1949, the agent returned appellee's policy to it for cancellation. In reference to this we quote the following statements of the agent from appellant's brief:

"I have identified Exhibit 7 as my letter of May 4th to Mr. Donaldson requesting U.C. policy for Cutter, which bore the same date as shown on my memorandum to Vernon General and after I wrote the memorandum to Vernon General I put it in an envelope and laid it aside on my desk with other papers and I am sure I didn't place it in the mail on Wednesday, May 4th. I can't say positively that I placed it in the mail on May 5th. I think I stated that I noticed there was five days given me to send the policy back."

"Mr. Cutter called on the afternoon, following the day the accident had occurred, and at that time I still had possession of the Vernon General policy."

The parties entered into the following stipulation:

"Whereupon at this point in the proceeding the parties entered into a stipulation that the Guarantee has taken no steps to defend Douglass C. Cutter in this case and in explanation of its position to cancel pointed out that the Guarantee Insurance Company would not defend for the reason that defendant Cutter already had coverage and that the Guarantee Insurance Company was a duplicating policy."

The records in the Insurance Department of the Board disclose the following:

"To the Industrial Board of Indiana:

"The undersigned, an employer within the meaning of 'The Indiana Workmen's Compensation Act,' hereby certifies that he has secured the payment of compensation to his employees in the business of Douglas C. Cutter by insuring his liability to make such payment for injuries occurring from and after the 27th day of April, 1948, with VERNON GENERAL INSURANCE COMPANY, 115 North Pennsylvania St., Indianapolis, Ind. under its policy number WC-3866.

"Dated this 27th day of April, 1948.

"Douglas C. Cutter
"Vernon General Insurance Company

"By: Allen Bounds
"R. No. 1, Bennington, Indiana.

"The undersigned, the Insurance Company, mentioned in the above certificate, hereby certifies that it issued its policy number WC-3866 to Douglas C. Cutter insuring the liability of said employer to pay compensation to his employees for injuries occurring from and after the 27th day of April, 1948 until ten days after notice of termination is received by the Industrial Board of Indiana—in accordance with amended Section 40-1605 of the Workmen's Compensation Act of Indiana.

"That said policy form was approved by the Industrial Board and contains in the body thereof in substance the provisions set out in form No. 5, adopted by the Industrial Board of Indiana, or by endorsement thereon in substance the provisions set out in form No. 6, adopted by the Industrial Board of Indiana.

"Dated this 27th day of April, 1948.

"VERNON GENERAL INSURANCE COMPANY

"S. S. Miller, Vice-President

"5 — 3

"By Allen Bounds, Agent."

On June 13, 1949 appellant filed a notice with the Industrial Board, the pertinent provisions of which provide as follows:

"It is the position of the Guarantee Insurance Company that its policy No. UC 25713, which was mailed May 7th, 1949 with an effective date of May 4th, 1949, was void from its inception, for the reason that unknown to the Guarantee Insurance Company the above Employer had existing a valid and effective policy in an approved Company, namely the Vernon General Insurance Company, which policy being numbered WC 5597 was issued effective April 27th, 1949 as a renewal of previous policies issued by said Company to the same Employer. In view of this fact, the Guarantee Insurance Company claims no premium from this Employer as it has never furnished him insurance coverage and it considers its policy as cancelled on the issuance date of the policy.

"The Guarantee Insurance Company, therefore, takes the position that its Policy No. UC 25713 was never effective as to the Employer, Douglas Cutter, or his employees; that it was terminated as of its issuance date and this notice is given to the Industrial Board of the State of Indiana as a mere formal compliance with the language of the statute and of the policy.

"Further, the Vernon General Insurance Company continues as the insurance-carrier for the Employer herein until that carrier complies with its policy provisions and the Indiana statute prescribing the method of cancellation of a Workmen's Compensation policy."

At the outstart appellee contends we cannot consider this appeal on its merits for each of the following reasons:

1. There is no bill of exceptions containing the evidence included in the transcript, because: (a) The praecipe fails to request inclusion in the transcript of a bill of exceptions containing the evidence; (b) The

purported bill of exceptions containing the evidence is insufficient because it contains no certificate of the Industrial Board, or of any of the Board members, establishing its authenticity or stating that the purported bill contains all of the evidence given in the cause; (c) the transcript shows that the assignment of errors and the transcript itself were filed with the Clerk of the Appellate Court on November 9, 1950, and that the bill of exceptions containing the evidence was filed with the Secretary of the Industrial Board on November 10, 1950.

2. The transcript contains no certificate of the Secretary of the Industrial Board that it contains full, true, and complete copies of all papers and entries required by the praecipe.

3. Appellant's brief is inadequate because of certain technical omissions.

On the authority of *Russell et al.* v. *Johnson et al.* (1943), 220 Ind. 649, 655, 667, 46 N. E. 2d 219, 222, these contentions of appellee must be overruled. There is an adequate certificate of the Chairman of the Board that the transcript contains the evidence and that the record is full and complete. The Board certified the original bill of exceptions containing the evidence was filed with it on the 9th day of November, 1950.

Appellant's contention is that its policy never became effective because appellee Cutter already had coverage through appellee's policy. Appellee, by cross-errors, contends the purported renewal of its original policy never became effective because of its letter of May 3, 1949.

Section 40-1605 (e), Burns' 1940 Replacement (1949 Supp.), provides as follows:

"Any termination of this policy by cancelation shall not be effective as to employees of the insured

covered hereby unless at least ten (10) days prior to the taking effect of such cancelation, a written notice giving the date upon which such termination is to become effective has been received by the industrial board of Indiana at its office in Indianapolis, Indiana."

Appellant contends that because it conclusively appears from the record herein that appellee did not comply with this section it never effectually cancelled its policy and was therefore the sole insurer of this risk. In support of this contention it relies on the case of *Armand et al.* v. *Hurst et al.* (1925), 83 Ind. App. 594, 597, 598, 149 N. E. 371.

In that case appellee's decedent was killed on February 10, 1925 in an accident arising out of and in the course of his employment. On January 22, 1925 appellant London & Lancaster Indemnity Company of America issued its policy to the employer insuring him for a period of one year from date. This policy was issued through a broker and reported to and approved by the Industrial Board. On February 6th that Company asked the broker to take up and cancel the policy. The broker then applied to the Georgia Casualty Company for a policy for the employer. The Georgia Company issued its policy and delivered it to the broker on February 9th. On February 10th, after hearing of the accident, the broker wrote the employer explaining the matter and enclosed the latter policy. On February 11th or 12th the employer surrendered the London policy to the broker. This court held that because the London Company had not complied with the provision of the statute applicable at that time in reference to the termination of its policy, it was liable thereunder. In reference to the policy issued by the Georgia Company, this court said:

"The policy issued by the Casualty company had not been reported to and approved by the Industrial Board, and, *so far as appears from the record, never became binding.*" (Our emphasis).

The emphasized portion of the quotation from the last cited case shows the distinction in that case from the case herein. In this case the Board found, and there is ample evidence in the record to sustain its finding, that appellant's policy was in force. It received and accepted the premium due on this policy. It is true it subsequently tendered back the premium which tender was refused. An employer may have more than one insurance carrier covering his liability under the Indiana Workmen's Compensation Act. *American Employers' Insurance Company* v. *Huffman et al.* (1933), 97 Ind. App. 548, 554, 187 N. E. 410. Condition J, hereinbefore set out, of appellant's policy provides for this contingency. We do not believe appellant can escape its liability because appellee failed to legally cancel its policy.

Appellee asserts that upon proper request the Industrial Board took judicial notice to the effect that a Form 18 had been filed on its policy June 3, 1948; that the Board also took judicial notice of its practice to consider the filing of such Form 18 as adequate and proper notice of termination by expiration of the policy on its expiration. It then says, if notice of termination was required it was given to the Board far in advance of the termination date and the policy therefore finally terminated on April 27, 1949. This would be true if appellee had not renewed its policy on the last mentioned date. The evidence is undisputed appellee issued a renewal of its original policy and delivered it to the employer's agent before its letter of cancellation May 4, 1949. In our opinion

appellee renewed its policy and it could not cancel it before its termination except by complying with the provision of § 40-1605 (e), *supra*. This it did not do. Surely it could not be seriously argued that if the accident which gave rise to this action occurred on May 2nd, appellee would not be liable.

In our opinion the award of the Industrial Board that both appellant and appellee are liable as appellee Cutter's insurance carrier is sustained by the evidence and is not contrary to law.

In their reply brief the appellees Phillips, after indicating the whole controversy in this case is between two insurance carriers, say:

"We do, however, desire to call the attention of the Court to the fact that decedent LeRoy Phillips, met his death May 6, 1949, and that since that date no payments of compensation have been made on account of said award, and that this is a proper case for the increase of said award by ten per cent. These appellees therefore pray the Court that the award in this case whether affirmed or modified so as to find that only one of said insurance companies is liable therefor be increased by ten per cent."

We feel they are justified in making this request. It seems to us appellant and appellee could have made an arrangement to pay these benefits to the widow and children without in any manner prejudicing their respective rights.

The award is affirmed with a 10% penalty.

NOTE.—Reported in 97 N. E. 2d 364.