HOBSON, Justice.
The petitioner, by certiorari, seeks review of an order of the Florida Industrial Commission holding it, as carrier for the employer, solely liable for the payment of the compensation claim in question. The only issue is whether the petitioner, Security Insurance Company, should be held solely liable or whether it and the respondent, Hartford Accident and Indemnity Company, should be held jointly and severally liable.
At the initial hearing on this matter, the deputy commissioner refused to receive evidence bearing on the intent of the parties to the Hartford contract of insurance. After review by the full commission and appeal to the District Court of Appeal, First District, the cause was remanded with directions to the deputy to take evidence on the question of the intent of the parties. Hartford Accident & Indemnity Company v. King, Fla.App., 114 So.2d 184.
On remand, the deputy found that the intent of both the employer and the agents of Hartford was to enter into a contract of insurance covering the period from June 7, 1957, to June 20, 1957. Due to a clerical error in the office of Hartford’s underwriter, however, the policy as actually written covered the period from June 7, *130 1957, to June 7, 1958, and the certificate of insurance subsequently filed with the commission reflected the issuance by Hartford of such a policy. The accident giving rise to the instant claim occurred on August 19, 1957. It was found that Security had issued a policy of insurance effective July 15, 1957 to July 15, 1958. On these facts, the deputy determined that the only coverage on August 19, 1957, was that furnished by Security. On review, the full commission affirmed the order of its deputy. After a study of the records and upon consideration of the briefs and arguments of the parties, the court is of the opinion that the findings of the deputy are supported by competent, substantial evidence.
 The attorney for petitioner relies heavily on the fact that at the time of the accident Hartford had on file with the commission a certificate of insurance covering the crucial period which had not been can-celled in accordance with the requirements of § 440.42(2), Florida Statutes, F.S.A. He cites ample authority for the rule that a workmen’s compensation policy or contract of insurance, once issued, remains in full force and effect until cancelled on the records of the agency administering the workmen’s compensation law, in accordance with statutory requirements. Otterbein v. Babor & Comeau Co., 272 N.Y. 149, 5 N.E.2d 71, 107 A.L.R. 1510; Tri-State Casualty Co. v. Speer, 189 Okl. 191, 115 P.2d 130; Guarantee Insurance Company v. Phillips, 121 Ind.App. 324, 97 N.E.2d 364; T. H. Mastin & Co. v. Russell, 214 Miss. 700, 59 So.2d 321. Although this position is probably in line with the general rule, we do not think that such rule applies where, as here, neither the insurer nor the insured ever intended to enter into a contract of insurance covering the period in question. In this case, we are not confronted with a situation where the parties to a contract of insurance attempt cancellation without compliance with statutory requirements. On the contrary, the deputy commissioner found that, because of the intent of the parties, there was never any .contract o.f insurance entered into by Hartford which was in effect at the time of the accident. Moreover, Security could not have been in any way misled or harmed by Hartford’s certificate of insurance on file with the commission, for it does not appear that Security’s agents were aware of the existence of such certificate until after Security had issued its own policy. Indeed the discovery of such fact was made only after the accident giving rise to the instant claim. Actually a technicality is attempted to be relied upon by Security which cannot be approved under the facts and circumstances of this case.
It is the opinion of the court, therefore, that the order of the full commission is in accordance with the essential requirements of law.
Consequently the petition for writ of cer-tiorari is denied.
It is so ordered.
THOMAS, C. J., and TERRELL, THORNAL and O’CONNELL, JJ., concur.