**MIDSTATE HAULING CO., Inc., et al., Plaintiffs-Appellees,**

v.

**RELIABLE INSURANCE CO., Defendant-Appellant.**

**No. 29582.**

United States Court of Appeals, Fifth Circuit.

Jan. 25, 1971.

Kenneth L. Ryskamp, Richard S. Fuller, Fuller & Brumer, and Bolles, Goodwin, Ryskamp & Ware, P. A., Miami, Fla., for appellant.

Leon H. Handley, of Gurney, Gurney & Handley, P. A., Bruce Culpepper, Jeff B. Clark, S. Victor Tipton, Rodgers & Kirkland, Orlando, Fla., for appellees.

Before BELL, DYER and RONEY, Circuit Judges.

PER CURIAM:

This case involves an argument between two insurance companies as to which should be required to provide coverage for a truck owner, against whom a third party had obtained a personal injury judgment for $120,000. The trial court, without a jury, found that both companies had policies effective on the date of the accident and that each was responsible for one-half of the judgment. Being of the opinion that the trial judge properly applied the law of Florida in this diversity suit, we affirm.

Midstate Hauling Co., Inc., the plaintiff, was a common carrier operating a trucking business subject to the controls of the Florida Public Service Commission.[1] The rules of the Commission implement the Florida statute requiring that a certificate of insurance must be filed and approved as a condition to the issuance of a permit to do business.[2] Defendant Reliable Insurance Company had issued its liability policy on May 25, 1965, and had filed a certificate of insurance with the Commission on May 28, 1965. On June 4, 1965, the president of Midstate called its insurance representative to cancel that policy. On June 5, 1965, a Midstate truck was involved in an accident, which resulted in the $120,000 judgment.

The truck was also insured by National Indemnity Company, joined here as a party plaintiff. The National policy was issued prior to the Reliable policy, but provided for contribution in the event of joint coverage.[3] National had not filed its policy with the Public Service Commission, but upon Reliable's failure to defend on demand, undertook to defend Midstate against the personal injury action.

The controlling issue is whether or not the cancellation of the Reliable policy was effective prior to the June 5 accident.

The statute, the rules of the Commission, and the policy itself all provide that the insurance

" * * * shall not expire nor shall cancellation take effect until thirty

[1]. F.S.A., Chapter 323.

[2]. F.S.A., Section 323.06; Rules of Florida Public Service Commission, Chapter 310-5.30.

[3]. The truck involved in the accident was not owned by Midstate but by Richard L. Lamb, Jr., who leased it to Midstate. The National policy had been purchased by Lamb, the owner-lessor.

(30) days after notice of cancellation has been filed, in triplicate, with the Commission. * * * "

On June 14, 1965, Reliable mailed a notice of cancellation which was received by the Commission on June 18, 1965, thus making the cancellation effective on July 18, 1965, under the Commission rules.

■ Reliable contends that the public purposes of the statute were satisfied, other insurance having been in effect on the date of the accident, and that the 30-day notice provision should not apply. In any event, it says that the cancellation provision should apply only to the minimum coverage required by law and that its liability should not exceed $10,000.[4] As a last resort, Reliable argues that it should be required to provide coverage only in excess of the $100,000 limits of National's policy, and be held liable for only $20,000. Refusing all of these multiple choices offered by the appellant, we think the law supports the trial court's judgment that Reliable was liable for $60,000, one-half of the judgment against the insured, plus interest, costs and attorney's fees.

■ As to the appellant's first argument, the law appears to be clear that if the 30-day notice provision were only in the policy and not required by law, the insured and insurer could jointly waive the policy requirement. A policy of insurance may be cancelled by mutual consent of the contracting parties notwithstanding a provision in the policy specifying a method of cancellation. Allstate Insurance Company v. Doody, 193 So.2d 687 (Fla.App.1967). However, the State has asserted a public interest in the insurance policies of common carriers, and has determined by statute and legislatively authorized Commission rules how that interest shall be protected. To give effect to the cancellation here would erode the public policy contained in the statute and would create a hiatus in the orderly administration of the Commission's affairs.

We think that Florida law follows the plain language of the statute, the rules and the insurance policy. The attempted cancellation by the insured and the insurer prior to the 30 days from the filing of notice, without approval of the Commission, was ineffective. See: Security Ins. Co. v. King, 124 So.2d 129 (Fla.1960), citing Otterbein v. Babor & Comeau Co., 272 N.Y. 149, 5 N.E.2d 71, 107 A.L.R. 1510 (1936); cf. American Casualty Co. v. Irvin, 426 F.2d 647 (5th Cir. 1970).

There is a serious question as to whether the evidence supports Reliable's contention that the parties had cancelled the policy but for the 30-day provision. However, the trial judge made no findings in this regard and such are not necessary in our view of the case.

There is no merit in Reliable's argument that its liability is limited to the minimum coverage permitted by the Commission's rule. The 30-day provision applies to the whole policy. Had the parties, the legislature or the Commission intended otherwise, it would have been a simple matter so to provide.

■ Our holding that Reliable's policy was in full force and effect on the date of the accident likewise disposes of Reliable's third argument that on general rules of fairness and equity, it should be held for $20,000 only. It is argued that Reliable received no premiums after June 4, 1965. The very thrust of the 30-day provision is that the insurance remains in effect, whether or not premiums are received. The determination not to receive premiums was made after the insurer knew of the accident. Reliable's was the only insurance certificate on file with and approved by the Commission. Reliable's own notice of cancellation filed with the Commission gave

---

4. Rules of Florida Public Service Commission, Chapter 310–5.30(4). "Coverage of public liability * * * insurance shall be not less than the minimum amounts shown in the following schedule: A— TRUCK (1) $10,000 for bodily injuries to or death of one person; * * *."

an effective date of June 14, 1965. The Commission had never received notice or approved of National's insurance. We see nothing unfair or inequitable in holding Reliable for one-half of the coverage.

Affirmed.