288 So.2d 523 (1974)
Joyce E. VOLLMER, Executrix of the Estate of Virgil Wayne Redmon, Deceased, and Margaret Evelyn Redmon, Deceased, et al., Appellants,
v.
FARGO-ANCHOR MOVING & STORAGE, INC., a Florida Corporation, et al., Appellees.
Nos. 73-383, 73-422.
District Court of Appeal of Florida, Third District.
January 8, 1974.
Rehearing Denied February 12, 1974.
*524 Frates, Floyd, Pearson, Stewart, Proenza & Richman and Christian D. Searcy; Nichols & Nichols, Miami, Gladson & Knecht, Coral Gables, and Daniel J. Sullivan; Angus M. Stephens, Jr., Miami, for appellants.
Kuvin, Klingensmith & Coon, P.A., Miami, and R. Fred Lewis, Coconut Grove, for appellees.
Before BARKDULL, C.J. and HENDRY and HAVERFIELD, JJ.
BARKDULL, Chief Judge.
The basic question involved in this appeal is the extent of coverage under a contract of insurance issued by the appellee, National Indemnity Insurance Company. The record on appeal reveals that Fargo-Anchor Moving & Storage, Inc., applied for a certificate from the Public Service Commission to operate as a for-hire transfer and carrier. Pursuant to § 323.06, Fla. Stat., F.S.A., it was required to either post a bond or to obtain insurance to indemnify the public against loss. Fargo-Anchor elected to do the latter.
The certificate of convenience issued by the Public Service Commission to Fargo-Anchor limited its operation to:
* * * * * *
"* * * from, to and between all points and places in Dade County, Florida, which are east of Krome Avenue and a line north of the Tamiami Trail along the section line which would be a continuation of Krome Avenue to the Broward County line and which lie north of Bauer Drive west of U.S. Highway No. 1 and north of Moody Drive east of U.S. Highway No. 1 extended to Biscayne Bay, including all the islands east of Biscayne Bay south as far as Cape Florida."
* * * * * *
The policy issued by National Indemnity in conformity with § 323.06, Fla. Stat., F.S.A., contained a limitation as to its terms:
"NATIONAL INDEMNITY CO. of Omaha, Nebraska
"In consideration of the reduced premium at which this policy is written, it is hereby understood and agreed that no coverage shall be in effect under this policy at any time during which the insured property is more than Fifty (50) miles from the assured's address shown on this policy.
"All other terms and conditions of such Policy remain unchanged."
* * * * * *
A certificate of insurance was issued in accordance with Rule 25-5.31(5) of the Public Service Commission,[1] which *525 rule was adopted pursuant to the authority granted to the Commission by the provisions of § 323.08, Fla. Stat. The obvious intent of the establishment of the requirement of a certificate from the regulatory agency and the execution of the bond or the obtaining of insurance was for the purpose of protecting the public. In this connection, see: Flowers v. Fidelity & Casualty Co. of New York, 10th Cir.1946, 156 F.2d 586; Prickett v. Hawkeye-Security Insurance Company, 10th Cir.1960, 282 F.2d 294; Consolidated Systems, Inc. v. Allstate Insurance Company, 5th Cir.1969, 411 F.2d 157; Midstate Hauling Co., Inc. v. Reliable Insurance Co., 5th Cir.1971, 437 F.2d 616; Smith v. National Union Fire Insurance Company, 127 Ga. App. 752, 195 S.E.2d 205; Compare Makris v. State Farm Mutual Automobile Insurance Company, Fla.App. 1972, 267 So.2d 105; Roth v. Old Republic Insurance Company, Fla. 1972, 269 So.2d 3.
Notwithstanding the limitations contained in its operating certificate, Fargo-Anchor through contracts with another public carrier to wit: the appellant Kennelly Moving & Storage Co., provided for handling of goods beyond the geographical limits provided in its certificate and certain of its equipment was used on an interrelated basis. However, at the time of the accident involved in the instant litigation, the vehicle owned by Fargo-Anchor was not one covered by the interrelated agreement; the vehicle was being operated outside of the geographical limits of the certificate by an employee of Fargo-Anchor. The operation resulted in a serious accident and the instant action was commenced below by those injured or those representing the persons killed in said accident.
After the matters were at issue on the original complaint and answers and counterclaim filed, the trial court severed the issue of coverage as regards the liability of National [the insurer of Fargo-Anchor] to the injured parties or their representatives. Following a trial on this issue, it determined that National's policy [issued as aforesaid] did not provide coverage to an innocent third party injured outside of the geographical limitations contained in the certificate issued to Fargo-Anchor and the geographical limitations contained in the policy of insurance, notwithstanding the fact that the certificate of insurance filed by the insurer with the Public Service Commission contained no such limitation. This appeal ensued.
We reverse upon the basis that one of the purposes of the Public Service Commission, in the regulation of a carrier such as Fargo-Anchor, was to provide protection for the public. This is clearly the intent of § 323.06, Fla. Stat., F.S.A. supra, and Rule 25-5.31(5) of the Public Service Commission, supra. We hold that as between an innocent third party injured by the carrier and the company that issues a policy and executes the necessary documents to entitle a carrier to obtain a certificate of convenience and necessity from the State regulatory body, it will not be heard to deny coverage to one injured by the carrier in the pursuit of its business in the State of Florida. The rights afforded to the injured third party as a matter of public policy would not, of course, foreclose the individual rights between the carrier and its insured if the insured violated the terms of the contract of insurance.
Therefore, for the reasons above stated the final judgment here under review, *526 finding no coverage under the policy issued by National Indemnity to Fargo-Anchor as to the original plaintiffs, be and the same is hereby reversed with directions for further proceedings not inconsistent with this opinion.
Reversed and remanded, with directions.
NOTES
[1] "(5) Except as above set forth, the following form of endorsement must be attached to all insurance policies:

* * * * *
"No condition, provision, stipulation or limitation contained in the policy or any other endorsement thereon, nor the violation of any of the same by the insured shall affect any way the right of any persons injured in person or property by the negligence of the insured or relieve the company from the liability provided for in this endorsement, or from the payment to such person of any such judgment, within the limits set forth in the schedule shown hereon; but the Conditions, provisions, stipulations and limitations contained in the policy, and any other endorsements thereon, shall remain in full force and be binding as between the insured and the company."
* * * * *