ERVIN, Judge.
The dispute in this workers' compensation appeal centers around whether the workers’ compensation insurance policy issued by the carrier/appellant was in force and effect at the time of the claimant’s injury. We affirm.
The claimant was injured while working for the employer on February 18, 1985. Although the employer notified the carrier in January that it had gone out of business effective December 1, 1984, notification of cancellation of the policy was not mailed to the Division until February 26, 1985, following the date of the accident. Under such circumstances, the policy cannot be considered canceled until after the occurrence of the claimant’s industrial injury. Section 440.42(2), Florida Statutes, (1983), disallows the expiration or cancellation of a workers’ compensation insurance policy “until at least 30 days have elapsed after a notice of cancellation has been sent to the division and to the employer — ” To the same effect, see Fla.Admin.Code Rule 38F-6.008(1). See also Security Insurance Co. of New Haven v. King, 124 So.2d 129, 130 (Fla.1960) (“[A] workman’s compensation policy or contract of insurance, once issued, remains in full force and effect until can-celled on the records of the agency admin *1292 istering the workman’s compensation law.”).
Additionally, Rule 38F-6008(3) permits termination by providing to the Division the above notice in a situation where the employer goes out of business “and thereafter has no person in his employment covered by the provisions of the policy....” Despite the employer’s notification to the carrier before the accident that it had gone out of business, the record clearly establishes that it continued to maintain the claimant in its employment, and that he remained in such employment at the time of the work-related injury.
AFFIRMED.
JOANOS and NIMMONS, JJ., concur.