(96 South. 243)

## LOUISVILLE & N. R. CO. v. DUMAS.
### (6 Div. 847.)

(Supreme Court of Alabama. April 26, 1923.)

**1. Railroads ⬠439(4)—Complaint for killing animal held not demurrable.**

A complaint alleging that defendant's servants, acting within the scope of their employment ran a train over plaintiff's cow, and as proximate consequence the cow died, *held* not subject to demurrer.

**2. Railroads ⬠446(3)—Negligence in killing animal held for jury.**

Under Code 1907, § 5473, where an animal was killed by a locomotive, the burden of proof to negative negligence as the proximate cause of death was on the railroad company, and, as the material issues presented inquiries for the jury, refusal of the general affirmative charge in the company's favor was not error.

**3. Appeal and error ⬠971(5)—Witnesses ⬠240(2)—Exercise of discretion of trial court as to leading questions held not to constitute reversible error.**

In an action against a railroad company for killing a cow, no reversible error was committed by the trial court in ruling on leading questions to witnesses, since trial courts are vested with discretion as to allowance of leading questions.

**4. Witnesses ⬠329—Questions to engineer as to striking cows held proper.**

In an action against a railroad company for killing a cow, on cross-examination of an engineer who had many years' experience, questions as to whether he remembered every animal his engine struck, and whether he often struck cows on the line, were proper to test the credibility of the witness in his description of the circumstances attending the killing of the cow.

**5. Trial ⬠62(2)—Admission of testimony in rebuttal that no one threw rock at cow causing her to return to railroad track held proper.**

In an action against a railroad company for killing a cow, defended on the ground that after the cow crossed the track some one threw a rock at her, and drove her back on the track too close to the train to avoid injury, an eyewitness who testified that the cow turned on or back to the middle of the track when the alarm was sounded was properly allowed to testify in rebuttal that no one threw a rock at her from the right-hand side of the track.

**6. Trial ⬠260(10)—Refusal to exclude question of attorney's fees and punitive damages held not prejudicial.**

In an action against a railroad company for killing a cow, where the court instructed that no damages could be awarded in excess of the reasonable market value of the cow, refusal of special requests excluding attorney's fees and punitive damages was not prejudicial.

**7. Railroads ⬠447(7) — Requested instruction on duty of engineer observing animal on track held incorrect.**

In an action against a railroad company for killing a cow, a requested instruction that, if the conduct of the cow would lead a reasonably prudent man to believe, and the engineer did believe, that she was going out of the zone of danger, he had a right to act on that belief until the contrary was revealed, and, if the contrary was not revealed until the train was too close to avoid the injury, no recovery could be had, *held* faulty in that its hypothesis did not exclude the presence of the cow in the zone of danger, and thereupon sought to justify the engineer's failure to promptly employ preventive measures, and also in exacting too great a degree of certainty that the animal would not continue to proceed to a safe place.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by Paul Dumas against the Louisville & Nashville Railroad Company for damages for the killing of a cow. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. From a judgment for plaintiff, defendant appeals. Affirmed.

The complaint reads:

"Plaintiff claims of the defendant $200 damages for that heretofore on, to wit, August 15, 1921, the defendant was engaged in the operation of a railroad in Jefferson county, Ala., and the plaintiff says that on the date aforesaid at or near Reeders, in said county, the defendant's agents or servants, while acting within the line and scope of their employment, negligently ran one of its trains into, over or against a cow, the property of the plaintiff, and as a proximate consequence thereof the cow died; hence this suit."

Huey & Welch, of Bessemer, for appellant.

If the cow walked away from the track, the engineer had the right to assume that the cow would proceed in the direction she was going and not suddenly turn back on the track. C. of Ga. R. Co. v. Main, 143 Ala. 149, 42 South. 108; C. of Ga. R. Co. v. Pittman, 16 Ala. App. 567, 80 South. 141; Railroad Co. v. Morris, 10 Ala. App. 322, 65 South. 207;

⬠For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Sheffield Co. v. Morton, 161 Ala. 153, 49 South. 772; Fla. Ry. Co. v. Sturkey, 56 Fla. 196, 48 South. 34; Worthington v. C. L. Co., 16 Ala. App. 614, 80 South. 688; 10 Mich. Ala. Dig. 563. The only recoverable damages was the reasonable market value of the cow immediately before she was struck, less her value after she was struck. Ala., etc., R. R. Co. v. Arrington, 1 Ala. App. 385, 56 South. 78; Bowles v. Lowery, 5 Ala. App. 555, 59 South. 696; Ga. Pac. v. Fullerton, 79 Ala. 298; T. V. R. Co. v. Still, 6 Ala. App. 470, 60 South. 546; T. B. R. Co. v. Maxwell Bros., 171 Ala. 318, 54 South. 620; 4 Mich. Ala. Dig. 652.

Goodwyn & Ross, of Bessemer, for appellee.

The complaint was sufficient. A. G. S. v. Hall, 133 Ala. 362, 32 South. 259; So. Ry. v. Hobson, 4 Ala. App. 408, 58 South. 751. Charges seeking to instruct the jury that the engineer had the right to assume the cow would remove itself, or would not go into the zone of danger, were properly refused. A. G. S. v. Powers, 73 Ala. 244; M. & N. R. Co. v. Blakely, 59 Ala. 471; S. & N. R. Co. v. Jones, 56 Ala. 507. Charges seeking to instruct against the recovery of damages not claimed in the complaint were properly refused. L. & N. R. Co. v. Jones, 194 Ala. 334, 70 South. 133.

McCLELLAN, J. The plaintiff, appellee, was accorded judgment against the appellant for the negligent killing of plaintiff's cow.

[1] The complaint was not subject to the demurrer.

[2] The cow was killed by a locomotive of the defendant. Under the statute (Code, § 5473) the burden of proof to negative negligence as the proximate cause of the animal's death was upon the defendant. The material issues presented inquiries due to be submitted to the jury's determination; and hence the defendant was not erroneously refused the general affirmative charge in its favor. So, unless error intervened through rulings on the admission or rejection of evidence or through refusal of defendant's special requests for instruction, the judgment must be affirmed.

[3] Since the trial courts are vested with discretion in respect of the allowance or disallowance of leading questions to a witness, no reversible error was committed on this trial in the exercise by the court of the discretion reposed. 12 Mich. Ala. Dig. pp. 1195, 1196.

The witnesses who testified to the value of this animal in August, 1921, were shown to be qualified to give an opinion in the premises. Code, § 3960. No error attended the reception of their opinions of the value of the animal.

The witness Baty was not shown to have had any such experience or information as would warrant him in forming and expressing an opinion whether there were any milch cows, with first calf, capable of giving daily the quantity of milk the plaintiff testified this cow gave.

[4] On the cross-examination of defendant's engineer, who had had many years experience, he was asked whether he remembered every animal his engine struck; and whether he often struck cows on the line. These questions were not inappropriate, on cross-examination, to test the credibility of the witness in his description of the circumstances attending the killing of plaintiff's cow.

[5] The cow was killed by defendant's engine. The defense was that as the cow had crossed the track, probably to a place of safety from the approaching train, some one, by throwing a rock at her, caused the animal to suddenly turn back on the track, too close to admit of preventive measures to avoid her injury. Davis, plaintiff's witness who saw the engine strike the animal, testified that the cow turned on or back to the middle of the track when the cattle alarm was sounded. Being recalled in rebuttal, Davis, the eyewitness, was properly allowed to testify, in contradiction of defendant's theory, that he was looking at the cow, and that no one threw a rock at the cow on or from the right-hand side of the track. The like considerations justified the overruling of objections to similar questions propounded to the plaintiff's witness Williams.

[6] The court having instructed the jury that no damages could be awarded in excess of the reasonable market value of the cow on the day she was killed, no possible prejudice, in any event under the complaint, resulting from the refusal of defendant's special requests excluding attorney's fees and punitive damages as elements of the damages recovered by plaintiff.

Several of defendant's requests for instruction undertook to justify the engineer, who was looking at the animal, in taking no cautionary or precautionary measures by recourse to the assumption that the cow, after crossing the track, would not turn back into the zone of danger. These requests, if otherwise well framed, omitted to take due account of circumstances, described in the evidence, which indicated that the animal would or was in the act of returning to a place of danger before the approaching train.

[7] The only other request refused to defendant was this:

"If from the conduct of the cow in question on the occasion complained of the circumstances were rendered such as to lead a reasonably prudent person under such circumstances to believe, and the engineer of the defendant did believe, that the cow was going out of the zone of danger of defendant's train, then I charge you that the defendant's engineer had the right to act on that belief until the contrary was revealed, and, if the con-

trary was not revealed until the train was so close to the point of the accident as to render it impossible to then avoid the accident, then you must find for the defendant."

The engineer was looking along the track and saw the animal on or approaching the track. The request was, at best, faulty in these particulars: (a) Its hypothesis consisted with, did not exclude, the presence of the animal in the zone of danger, and thereupon sought to justify the engineer's failure to promptly employ preventive measures by the assumption that the animal would proceed to a place of safety beyond the zone of danger, whereas the care and diligence the law exacts of enginemen in circumstances disclosing to them danger to animals on or near the track before their on-coming trains affirmatively requires engineers to promptly employ preventive measures to avoid injury of the endangered animal; and (b) the conclusion therein that, under the circumstances hypothesized, the engineer had a right to act on the belief that the animal would proceed from danger to safety "until the contrary was revealed," exacted, if the principle is applicable at all, too great a degree of assurance or certainty that the animal would not continue to proceed to a safe place, or that from a place of safety the animal would not return to a position of danger.

The judgment is not affected with error. It is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.