113 So.2d 678

**Joe B. MOORE, d/b/a Tennessee Valley Machine & Welding Company,**

v.

**F. W. ASHE, d/b/a F. W. Ashe Agency.**

**8 Div. 986.**

Supreme Court of Alabama.

June 25, 1959.

Beasley & McCutchen, Tuscumbia, for appellant.

Clopper Almon and Vincent McAlister, Sheffield, for appellee.

COLEMAN, Justice.

Appellee has filed a motion to dismiss this appeal on the ground that this court is without jurisdiction because the appeal was not taken within six months after the judgment appealed from was rendered. § 788, Title 7, Code 1940, provides:

"Appeals under this chapter, except in such cases as a different time is prescribed, must be taken within six months from the rendition of the judgment or decree."

The record shows that judgment was rendered for the plaintiff on May 26, 1958. Six months after that date expired in November, 1958. This appeal was not taken until February 24, 1959, which is more than six months after the judgment was rendered. The appeal, therefore, comes too late and the motion to dismiss must be granted unless the motion for new trial extended the time for appeal.

On June 5, 1958, motion for new trial was presented to the trial judge and continued to June 20, 1958. No further order appears in the record until August 28, 1958, when the motion for new trial was overruled.

The situation here is substantially identical with the situation in Relf v. State, 267 Ala. 3, 99 So.2d 216, where we said:

"Here, a motion for a new trial was timely made and duly and legally con-

tinued until January 31, 1957. No further orders pertaining to the motion were made until February 6, 1957, when it was overruled. The motion, therefore, became discontinued and the order overruling the motion was of no effect. Clark v. State, 38 Ala.App. 480, 87 So. 2d 669; McVey v. State, 38 Ala.App. 327, 82 So.2d 926. Since there was no judgment on the motion, there was no new point of departure from which the time for filing the transcript of the evidence could begin to run. The time, therefore, must be dated back to the date on which the appeal is taken. (Citations omitted.)" 267 Ala. 3, 5, 99 So.2d 216, 218.

To paraphrase the language taken from Relf v. State, supra, in the case at bar motion for a new trial was timely made and duly and legally continued until June 20, 1958. No further orders pertaining to the motion were made until August 28, 1958, when it was overruled. The motion, therefore, became discontinued and the order overruling the motion was of no effect. The time for taking appeal must be reckoned from the date judgment was rendered.

"* * * True, that the motion for the new trial suspends the time for the appeal, provided the same is disposed of by a valid judgment, but, if the motion dies without action or is discontinued, it does not have the effect of suspending the time for taking the appeal from the main judgment. Stallings v. Clark, 218 Ala. 31, 117 So. 467." Folmar v. First National Bank of Montgomery, 223 Ala. 625, 137 So. 777.

The record in the instant case does not show that appellee was ever notified of the filing of the motion for new trial. The order overruling the motion for a new trial recites as follows:

"August 28, 1958. Defendants file motion for a new trial and the motion for a new trial being presented to the court and being heard and understood by the court, the motion for a new trial is overruled."

For aught that appears in the record, appellee had no notice of and took no part in the proceedings on the motion for a new trial. Thus, there was no waiver by consent of the parties, as discussed in Pate v. State, 244 Ala. 396, 399, 14 So.2d 251, 254, which will prevent appellee from now insisting that the trial court had no jurisdiction at the time the motion was overruled and that the order overruling the same is void for such lack of jurisdiction.

Section 119, Title 13, Code 1940, in pertinent part, provides:

"* * * after the lapse of thirty days from the date on which a judgment * * * was rendered, the court shall lose all power over it, * * * unless a motion to * * * grant a new trial has been filed and called to the attention of the court, and an order entered continuing it for hearing to a future day; * * *."

Concerning § 6670, Code 1923, now § 119, Title 13, Code 1940, this court has said:

"The established construction of the statute is that the motion must be filed within 30 days, and if not heard within that time must be continued by a special order, or successive orders of continuance made within the time fixed by former orders. (Citations omitted.)" Greer v. Heyer, 216 Ala. 229, 230, 113 So. 14.

Here, the motion was not heard within thirty days after judgment. Within that thirty days, no order was made to continue the hearing beyond that period of time. An order was made to continue the hearing to June 20, 1958, which was within thirty days after judgment, but no succeeding order was made to continue the hearing to any future day whatever. The court had no power over its judgment on August 28, 1958, and the order entered that day is a nullity. The motion for new trial, there-

fore, did not extend the time for taking appeal.

The appeal not being taken in time, we have no alternative, the motion to dismiss must be granted.

Appeal dismissed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.