178 So.2d 91

**Dora CASH**

v.

**T. S. USREY et ux.**

7 Div. 629.

Supreme Court of Alabama.

Aug. 12, 1965.

Izas Bahakel and Roscoe B. Hogan, Birmingham, for appellant.

Lusk, Swann, Burns & Stivender, Gadsden, for appellees.

SIMPSON, Justice.

This is an automobile accident case. The plaintiff below was a passenger in an automobile being driven by her husband on an unpaved dirt road in St. Clair County in the early afternoon of a Sunday. The evidence is that the automobile in which the plaintiff was riding had traversed this road for some 150 feet when it was struck by the automobile which the defendant, Mrs. Usrey, was driving. One of the few facts which the witnesses agreed upon was that the defendant was proceeding in the opposite direction, meeting the automobile in which the plaintiff was a passenger, when the hood of the defendant's automobile came unlocked and flew up, obstructing her vision. The collision occurred subsequently.

The evidence is in sharp conflict as to how long a time elapsed from the time the hood came up and the time of the collision, plaintiff's witnesses testifying that the hood came up while the defendant was still "two blocks away" and the defendant testifying that the two events occurred almost simultaneously. The plaintiff's witnesses testified that the defendant's car came "weaving from one side of the road to the other" for a distance of two blocks. They further testified that the defendant (who was also injured in the accident) appeared to be drunk immediately after the accident. The defendant on the other hand denied that she was drunk and generally offered evidence to the contrary on all matters testified to by plaintiff's witnesses.

At the conclusion of the evidence the court granted a motion for a directed verdict as to the defendant's husband, Mr. Usrey, who had been joined. There was no evidence that he owned the automobile which the defendant was driving; he was not a passenger and indeed was not shown to have been involved. The jury returned a verdict for the defendant. Plaintiff appeals.

Several assignments of error are not argued and will not be here considered. Supreme Court Rule 9. Others fail to refer to any ruling of the trial court and present nothing for this court to review. Fallaw v. Flowers, 274 Ala. 151, 146 So. 2d 306.

Appellant assigns as error the refusal of the trial court to allow in evidence a photograph of the scene of the accident. The assignment of error merely states that "the court erred in its ruling whereby pictures showing the scene of the accident were not allowed to be introduced into evidence to the trial of this cause". Aside from the inadequacy of this assign-

ment, there was no error in the court's failing to allow the mentioned photographs. The evidence is that the pictures were taken some three weeks before the trial and almost a year after the accident. The witness who testified with regard to this matter testified that conditions at the scene were not substantially the same as those existing at the time of the accident. Under these circumstances it was not error to exclude the photographs. Williams v. Wicker, 235 Ala. 348, 179 So. 250. In fact the determination of the sufficiency of preliminary proofs offered to identify pictures and to show that such pictures accurately represent what they purport to portray is a matter within the sound discretion of the trial court and his decision on the sufficiency of the predicate so laid will not be reviewed here except for abuse. International Union, United Automobile, Aircraft and Agricultural Implement Workers of America, C. I. O. v. Russell, 264 Ala. 456, 88 So.2d 175, 62 A.L.R.2d 669, affirmed 356 U.S. 634, 78 S.Ct. 932, 2 L.Ed.2d 1030, rehearing denied 357 U.S. 944, 78 S.Ct. 1379, 2 L.Ed.2d 1558. We find no abuse here when the witness specifically testified that conditions had changed so that there was no substantial resemblance between them and those existing at the time of the accident.

Appellant next argues that the trial court should be reversed in that it improperly qualified the jury in asking each of the members of the venire who did *not* know defendant's counsel to identify himself. Without deciding the propriety or impropriety of this manner of qualifying the jury, suffice it to say that the record is completely silent with respect to this stage of the trial. We cannot consider a matter which does not appear in the record on appeal. Thomas v. Brook, 274 Ala. 462, 149 So.2d 809; Rhodes v. Tomlin, 267 Ala. 491, 102 So.2d 904.

If appellant feels that the record is inaccurate or incomplete he may seek amendments or corrections by appropriate proceedings, but such cannot be accomplished by statements made in brief on appeal. Blanton v. Blanton, 276 Ala. 681, 166 So.2d 409.

The same defect exists with regard to appellant's assignment of error No. 6 in connection with which it is contended that the court erred in not allowing an amendment by plaintiff at the end of the evidence. However, the record does not show that the appellant offered any amendment which was refused. Under this state of affairs there is nothing for this court to review. We cannot review any action of the lower court where the judge had made no ruling adverse to appellant on the specific matter complained of. Fallaw v. Flowers, supra.

Other assignments are to the effect that the verdict is not supported by the evidence, is contrary to the weight of the evidence, or is the product of bias or prejudice.

We have read the entire record. There is evidence which, if the jury believed, supports the verdict, and we consider that the verdict is not contrary to the great weight of the evidence. It would be trite to recite the authorities to the effect that under such circumstances the verdict stands. Evidently the jury believed the version of the accident reported by the defendant, and evidently believed that she did what any reasonable person would have done when confronted with the sudden emergency she found facing her. The jury was adequately charged. We are unable to say that error to reverse is shown.

Affirmed.

LAWSON, GOODWYN and COLEMAN, JJ., concur.