183 So.2d 785

**Annie RHODES**

v.

**Ray HARRELSON.**

**3 Div. 176.**

Supreme Court of Alabama.

March 3, 1966.

Robt. Check, Montgomery, for appellant.

Henry J. Harper, Montgomery, for appellee.

GOODWYN, Justice.

This appeal was taken on January 15, 1965, from a judgment rendered on February 4, 1964, following a jury verdict, and also from a purported judgment rendered on September 14, 1964, overruling appellant's motion for a new trial. Appellee has moved to dismiss the appeal on the ground, among others, that the appeal was not taken within the time required by law. We have concluded that the motion is due to be granted.

■ Code 1940, Tit. 7, § ´788, here applicable, provides that appeals "must be taken within six months from the rendition of the judgment or decree." Since the final judgment appealed from was rendered on February 4, 1964, it is apparent that the appeal taken on January 15, 1965, was not timely taken unless appellant's motion for a new trial extended the time for appeal. But the motion was discontinued and, for this reason, it did "not have the effect of suspending the time for taking the appeal from the main judgment." See: Folmar v. First National Bank of Montgomery, 223 Ala. 625, 137 So. 777.

The motion for a new trial was presented to the trial judge on March 3, 1964, within the thirty days prescribed for filing such motion (Code 1940, Tit. 13, § 119), and continued to April 1, 1964. Thereafter, it was regularly continued until July 13, 1964, the continuance to that date being made on June 17, 1964. The next order of continuance was made on July 30, 1964, continuing the hearing to August 17, 1964. On August 17, 1964, there was an order continuing the motion to September 14, 1964. On September 14, 1964, appellee moved that the motion for a new trial be discontinued. This motion for discontinuance was granted on September 14, 1964, on the ground "that the record of said cause is totally void of any order continuing

the order of continuance dated June 17, 1964, within the thirty days required by law." While the notice of appeal recites that the appeal is taken from the judgment overruling appellant's "motion for a new trial entered on September 14, 1964," it is apparent that it was intended to take the appeal from the judgment of discontinuance. There is no judgment specifically overruling the motion for a new trial, although the discontinuance had that effect.

Code 1940, Tit. 13, § 119, in pertinent part, provides:

"* * * after the lapse of thirty days from the date on which a judgment * * * was rendered, the court shall lose all power over it, * * * unless a motion to * * * grant a new trial has been filed and called to the attention of the court, and an order entered continuing it for hearing to a future day; * * *."

Concerning § 6670, Code 1923, now § 119, Tit. 13, Code 1940, this court has said:

"The established construction of the statute is that the motion must be filed within 30 days, and if not heard within that time must be continued by a special order, or successive orders of continuance made within the time fixed by former orders. (Citations omitted.)" Greer v. Heyer, 216 Ala. 229, 230, 113 So. 14.

■ There is no question that the motion for a new trial became discontinued, unless there was a waiver by appellee. See: Moore v. Ashe, 269 Ala. 359, 360, 113 So.2d 678; Relf v. State, 267 Ala. 3, 5, 99 So.2d 216; Folmar v. First National Bank of Montgomery, 223 Ala. 625, 137 So. 777, supra; Pate v. State, 244 Ala. 396, 399, 14 So.2d 251. Accordingly, in the absence of such waiver, which we hold to be the situation here, the time for taking the appeal must be reckoned from the date the final judgment was rendered, viz: February 4, 1964. See: Moore v. Ashe, supra;

**190**

Folmar v. First National Bank of Montgomery, supra. As stated in Folmar:

"＊＊＊ True, that the motion for the new trial suspends the time for the appeal, provided the same is disposed of by a valid judgment, but, if the motion dies without action or is discontinued, it does not have the effect of suspending the time for taking the appeal from the main judgment. Stallings v. Clark, 218 Ala. 31, 117 So. 467."

There was no waiver of the discontinuance by agreement of the parties, nor was a hearing on the motion for a new trial entered upon by the parties without objection. The motion was disposed of by granting appellee's motion for a discontinuance. Accordingly, there is no place for a waiver, as discussed in Pate v. State, 244 Ala. 396, 399, 14 So.2d 251, supra, relied on by appellant.

■ Appellant argues that "appellee waived his right to a discontinuance by failing to file a timely objection to the ex mero motu orders of the Court continuing the case entered on the 30th day of July 1964 and on the 17th day of August 1964." We find nothing in the record indicating that appellee consented to the purported continuances of July 30th and August 17th; nor do we consider the failure of appellee to object to said orders of continuance to be a sufficient basis for holding that appellee waived the discontinuance. As said in Bell v. Birmingham Broadcasting Company, 263 Ala. 355, 357, 82 So.2d 345, 347:

"Waiver is generally defined as the intentional relinquishment of a known right. 56 Am.Jur., §§ 2 and 15, pp. 102, 115. While it is to be conceded that intent necessary to constitute waiver may be implied from the act of the party involved, the inquiry still is what was the intent of the party as manifested by his actions. ＊ ＊ ＊"

See, also: State Farm Mutual Automobile Ins. Co. v. Hubbard, 272 Ala. 181, 187, 129 So.2d 669; Liverpool & London & Globe Ins. Co. v. Dickinson, 242 Ala. 107, 109, 5 So.2d 90; 92 C.J.S. Waiver, pp. 1041–1048.

We cannot agree that appellee's failure to object to the continuances, made without his knowledge or consent, so far as the record discloses, is sufficient to give rise to an implied waiver of the discontinuance.

Since the appeal was not timely taken, appellee's motion to dismiss the appeal must be granted.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.