242 So.2d 661

**In re ALL AMERICAN LIFE AND CASUALTY COMPANY**

**v.**

**Bob MOORE, Jr., as Judge of the Twenty-fifth Judicial Circuit of Alabama.**

**Ex parte ALL AMERICAN LIFE AND CASUALTY COMPANY.**

**6 Div. 634.**

Supreme Court of Alabama.

Dec. 23, 1970.

John Self, Hamilton, and Walter R. Byars, Montgomery, for petitioner.

Bill Fite, Hamilton, for respondent.

**494**

LAWSON, Justice.

This is an original petition for mandamus.

Dewey Lee Dillard brought suit on a policy of disability insurance in the Circuit Court of Marion County against All American Life and Casualty Company, a corporation, hereinafter referred to as the insurance company.

There was a jury verdict in favor of the plaintiff, Dillard, in the amount of $25,000. Judgment was in accord with the verdict. The judgment was rendered and entered on April 3, 1968.

The defendant insurance company filed its motion for new trial on April 22, 1968, alleging therein as Grounds 9-15 error on the part of the trial court in refusing to give at the request of the defendant seven written charges. After an order continuing the hearing on the motion for new trial, the trial court on June 20, 1968, denied that motion.

The defendant insurance company perfected an appeal to this court on July 12, 1968.

During the preparation of the transcript of the record to be filed in this court the defendant discovered that, although the trial court did not give any of the seven charges, he failed to comply with those provisions of § 273, Title 7, Code 1940, which make it the duty of the trial judge, when he has refused to give a written requested charge, to write thereon the word "refused" and to write his name on the charge.

The trial judge was not aware of the fact that the defendant insurance company claimed that he had not complied with the aforementioned provisions of § 273, Title 7, *supra*, until September 17, 1968, when the insurance company requested him "to perform such duty as required by said Section 273 by writing on each of said charges 'refused' and signing his name thereto" and further requested "that the record in this cause be amended nunc pro tunc to so reflect." After a hearing the trial judge denied that request.

The prayer of the petition for writ of mandamus reads as follows:

"WHEREFORE, premises considered, Petitioner prays that this Honorable Court will take jurisdiction of this cause, and will grant an alternative Writ of Mandamus or rule nisi directed to Bob Moore, Jr., as Circuit Judge of the 25th Judicial Circuit of Alabama, returnable to this Court, directing, ordering and commanding said Respondent forthwith to write or mark 'refused' on each of the said charges or instructions, to-wit, Charges Nos. 1-7 inclusive, moved for and requested by Petitioner in writing as aforesaid; or to appear at a time to be designated by this Honorable Court and show cause why he should not be required to do so.

"And Petitioner further prays that upon such appearance by Respondent and hearing thereon, this Court will order that the foregoing alternative Writ of Mandamus shall be made a peremptory Writ of Mandamus as prayed.

"Petitioner further prays that if the specific relief prayed for hereinabove is in any respect incomplete or inappropriate that this Honorable Court will make and enter all necessary and appropriate orders, judgments and writs including a writ of certiorari, so as to grant unto Petitioner such other, further and different relief to which Petitioner may be entitled in the premises and under the facts hereinabove alleged."

On October 9, 1968, this court entered the following order: "Let writ issue as prayed, returnable in thirty days from this date."

The alternative writ of mandamus which was issued out of this court takes cognizance of the fact that in the special prayer the petitioner did not pray that the respondent judge be required to sign his name to

each of the seven charges after having marked each of them refused.

On October 9, 1968, there was issued out of the office of the clerk of this court, under the authority of the court's order heretofore quoted, an alternative writ of mandamus directed to the Honorable Bob Moore, Jr., as Judge of the Twenty-fifth Judicial Circuit of Alabama, which reads as follows:

"You are hereby notified that the Supreme Court of Alabama did on the 9th day of October, 1968, make and enter the following order in the above cause:

" 'Comes the Petitioner, All American Life and Casualty Company, a Corporation, and files in this Court a petition for alternative writ of mandamus to be directed to the Honorable Bob Moore, Jr., as Judge of the 25th Judicial Circuit of Alabama, praying that he be commanded to write "refused" on each of the Charges, Numbers 1–7 inclusive, moved for and requested by petitioner in writing in the trial of the case of Dewey Lee Dillard, Plaintiff v. All American Life and Casualty Company, a Corporation, Defendant, No. 6448, in the Circuit Court of Marion County, Alabama, on to-wit: April 3, 1968; and further praying this Court to enter all necessary and appropriate orders to which the Petitioner may be entitled in the premises and under the facts alleged in the petition.

" 'And said petition being argued and submitted and duly examined and understood by the Court, it is considered and ordered that the Petitioner is entitled to the general relief prayed for and the same is hereby granted.

" 'It is therefore Ordered that a Rule Nisi issue forthwith to Honorable Bob Moore, Jr., as Circuit Judge of the 25th Judicial Circuit of Alabama, commanding and requiring him to write "refused," and sign his name thereto, on each of Charges, Numbers 1 to 7, inclusive, moved for and requested by the Petitioner in writing in the trial of the case of Dewey Lee Dillard, Plaintiff v. All American Life and Casualty Company, a Corporation, Defendant, No. 6448, in the Circuit Court of Marion County, Alabama, on to-wit: April 3, 1968, or that he appear in this Court and show cause, within thirty days from this date why the peremptory Writ of Mandamus should not issue as prayed.'

"NOW, THEN, in pursuance with the foregoing order the Rule Nisi hereby issues to you commanding and requiring you to perform the acts as directed in the foregoing order, or that you appear and show cause before the Supreme Court of Alabama, within thirty days from this date, why the peremptory Writ of Mandamus should not issue."

This court recognized the fact that the special prayer of the petition did not seek an order requiring Judge Moore to sign each of the seven charges after having marked them refused. Consequently, the alternative writ of mandamus was molded under the general prayer so as to order Judge Moore to mark each of the seven charges refused and to sign his name to each of them or to appear and show cause in this court why the peremptory writ of mandamus should not issue.

On November 6, 1968, Judge Moore filed demurrer and answer to the petition for mandamus. The cause was submitted here on April 30, 1969. The delay in disposing of this matter is chargeable to the writer of this opinion and to no other member of the court.

In Paragraph 3 of its petition for the writ of mandamus the insurance company alleged in pertinent part as follows:

"Heretofore, on to-wit, April 3, 1968, the above styled cause was tried before Respondent with a jury; that upon completion of the testimony and introduction of evidence, Petitioner acting by and through its attorney, John Self, in writing moved for and requested Respondent to give seven (7) charges or instructions as requested by Petitioner in writing;

and the said Respondent clipped together all such charges and marked 'refused' upon the top one, to wit, Charge No. 1, but failed to sign his name thereto or to mark 'refused' or sign his name to any of the balance of the charges, to-wit, Charges numbered 2–7. * * *"

In Paragraph 6 of its petition, the insurance company alleged as follows:

"6. During the preparation of the Transcript for presentation of said appeal to this Honorable Court, Petitioner for the first time discovered that Respondent, although he had refused to give said Charges 1–7 as requested in writing by Petitioner, had failed to write 'refused' on each of said Charges and to sign his name thereto as required under the statutes of Alabama (Title 7, § 273, Alabama Code 1940). That Respondent had erroneously failed to perform the ministerial act of so marking and signing the charges is obvious in that Charge No. 2 requested by Petitioner in writing was the general affirmative charge with hypothesis for defendant below, yet the jury verdict and judgment thereon rendered by Respondent (which are attached hereto and made a part hereof as Exhibits 'I' and 'J' respectively) are in favor of the plaintiff below awarding damages against defendant in the amount of $25,000; and further that Petitioner as soon as practicable subsequent to said jury verdict and judgment and at a time when all of the matters pertaining to the trial were clear in the minds of all, had filed its Motion for New Trial setting up the refusal of Respondent to give said requested charges, including the general affirmative charge with hypothesis. Whereupon, Petitioner requested Respondent to perform such duty as required by said § 273 by writing on each of said charges 'refused' and signing his name thereto and further requested that the record in this cause be amended nunc pro tunc to so reflect. Upon hearing held by Respondent, participated in by the attorney representing

plaintiff in the cause below, Respondent refused to so mark and sign said charges moved for and requested by your Petitioner in writing and further refused to amend the record nunc pro tunc to so reflect."

In his answer, Judge Moore responded to the allegations of Paragraphs 3 and 6 of the petition for writ of mandamus as follows:

"3. As to the allegations in paragraph 3. of the Petition herein, the Respondent has no independent recollection as to the matters contained in said paragraph and therefore, can neither confess or deny the allegations in paragraph 3. of the Petition. Respondent has no independent recollection of the charges mentioned being submitted to him for 'giving' or 'refusing'. The words 'refused,' Moore, Judge on charge number 1. is in the handwriting of the Respondent and it is the Respondent's opinion and judgment that he did refuse such charge but he has no independent recollection of doing so."

"6. As to the allegations in paragraph 6. of the Petition herein, the Respondent is not informed as to the truthfulness of the allegations contained in said paragraph and, therefore, can neither confess or deny the same. The matter of the charges not being marked 'refused' and signed was first brought to the attention of the Respondent, by the Petitioner, on September 17, 1968. On September 17, 1968, the Petitioner requested I set a hearing to determine what action, if any, I should take on the charges. Petitioner then notified the Attorney for Dewey Lee Dillard that the hearing date be held on September 26, 1968. A copy of the latter from Petitioner's Attorney to Dewey Lee Dillard's Attorney dated September 17, 1968 marked Respondent's Exhibit 'A' is attached hereto and made a part of this answer. On September 26, 1968, the Respondent told the Attorney for the Petitioner and the Attorney for Dewey Lee Dillard that he felt that it would be illegal and improper for him to

do anything to the charges because the Respondent felt he had no power or authority to so act."

■ The rule is that where a judge's answer to an alternative writ of mandamus is not controverted, and is well pleaded, it will be taken as true and conclusive.—Ex parte Mullins, 258 Ala. 665, 64 So.2d 829; Ex parte Phillips, 266 Ala. 198, 95 So.2d 77; East v. Todd, 284 Ala. 495, 226 So.2d 153. The respondent's answer is not controverted.

The respondent judge in his answer has not unequivocally denied the averments of Paragraphs 3 and 6 of the petition to the effect that the seven charges were presented to the respondent; that he "clipped" those charges together and wrote the word "refused" on the top charge but did not sign his name on that charge and did not write the word "refused" or sign his name on any of the other charges. He has averred, however, that he "has no independent recollection of the charges mentioned being submitted to him for 'giving' or 'refusing.'"

■ We are not certain of the interpretation to be given to the last sentence of Paragraph 3 of the respondent's answer. In that sentence the respondent states that it is his opinion and judgment that he did write the word "refused" on Charge No. 1, although he has "no independent· recollection of doing so." But that sentence begins, "The words 'refused,' Moore, Judge on charge number 1., etc." Those words standing alone may be said to show that the charge was not only marked "refused" but was signed by the judge. If that is the correct interpretation, we would not order the respondent to do that which he has already done. If the respondent did not intend to indicate that he wrote his name on Charge 1 after marking it refused, we would still not order him to affix his name to that charge for we would not order the doing of a useless act and Charge No. 1 is clearly bad. It is a "belief" charge and is not a request for the affirmative charge.

We have frequently held that the refusal of such charges in civil cases does not constitute reversible error. The proper predicate in a civil case is "reasonably satisfied from the evidence."—Ennis v. Whitaker, 281 Ala. 563, 206 So.2d 367; Deamer v. Evans, 278 Ala. 35, 175 So.2d 466; Atlanta Life Ins. Co. v. Stanley, 276 Ala. 642, 165 So.2d 731; Pittman v. Calhoun, 231 Ala. 460, 165 So. 391; W. P. Brown & Sons Lumber Co. v. Rattray, 238 Ala. 406, 192 So. 851, 129 A.L.R. 526; Cf. Atlantic Coast Line R. Co. v. Flowers, 241 Ala. 446, 3 So.2d 21; Hatcher v. Camp, 279 Ala. 475, 187 So.2d 232.

We come now to the question as to whether we should order the issuance of a peremptory writ of mandamus ordering the respondent judge to write the word "refused" and his name on each of those charges. We answer the question in the negative.

■ Mandamus is an extraordinary legal remedy, grantable only when petitioner show as a clear, specific legal right for the enforcement of which there is no other adequate remedy.—Poyner v. Whiddon, 234 Ala. 168, 174 So. 507; Ex parte Brandon, 243 Ala. 610, 11 So.2d 561; Ex parte Alphonse, 261 Ala. 177, 73 So.2d 727.

■ We do not feel that the petitioner has shown a clear legal right to justify the issuance of the peremptory writ. True, the petition avers and the answer does not deny that the seven charges were not given, and in Paragraph 6 the petitioner avers categorically that the respondent judge refused to give those charges, but we think that categorical allegation is refuted by the averments of the answer to the effect that the respondent judge has no independent recollection of the charges being presented to him. It may well be that the charges were delivered to the respondent judge and that he placed a rubber band around them, as is alleged in the petition, and failed to give them to the jury. But it does not follow that he read the charges other than perhaps Charge No. 1 and

498

"refused" them because they did not state correct principles of law or were not otherwise entitled to be given. We do not think that a trial judge should be ordered by this court to mark "refused" and to sign a charge which he has not actually refused after giving the charge consideration.

We agree with able counsel for petitioner that the mere writing of the word "refused" and the name of the judge on a requested charge is a ministerial act. But that act must follow an act judicial in character, the determination by the judge of the correctness or incorrectness of the requested charge. We cannot say that petitioner has shown that the trial judge made such a judicial determination except perhaps as to Charge No. 1. The judge may have negligently or inadvertently failed to consider the other charges but if so, we do not feel that we would be justified on those grounds in ordering him to refuse the charges after the completion of the trial, the denial of the motion for new trial where the question was not raised, and after the perfection of an appeal to this court. We do not have in this case a situation where we could order the respondent judge to exercise his judicial discretion or judgment even though it be conceded that he failed to perform a duty which is judicial in character. See State of Alabama ex rel. Pinney v. Williams, 69 Ala. 311, 319.

If counsel who represented the petitioner in the trial court did not feel called upon to investigate to see whether or not his requested charges had in fact been properly refused before the case went to the jury, we feel that he should have at least made investigation concerning the failure of the trial court to give those charges before the filing of his motion for a new trial which, as we have shown above, averred that the trial court refused to give those charges.

The peremptory writ of mandamus is denied.

Writ denied.

MERRILL, HARWOOD, MADDOX and McCALL, JJ., concur.