255 So.2d 17

**ALL AMERICAN LIFE AND CASUALTY CO., a Corp.**

**v.**

**Dewey Lee DILLARD.**

**6 Div. 630.**

Supreme Court of Alabama.

Nov. 18, 1971.

Walter R. Byars, Montgomery, John Self, Hamilton, for appellant.

Bill Fite, Hamilton, Frank W. Riggs, III, Montgomery, for appellee.

## PER CURIAM.

Appellee recovered judgment against appellant on a contract of disability insurance. Defendant appeals and seeks a reversal of the judgment.

## ON THE MOTIONS

We concur in appellee's assertion that the judgment denying defendant's (appellant's) motion for a new trial is invalid and has no legal significance.

The motion was presented to the trial judge on April 19, 1968, at which time the judge entered an order continuing the motion for hearing on May 15, 1968. Without any further order of continuance or judicial indication in the record that the motion was heard on May 15, supra, or that the same was submitted and taken under advisement on the date set for the hearing, or otherwise became lodged in the breast of the court, the trial court, on June 20, 1968, entered a judgment overruling and denying the motion.

This action of the trial court was without legal authority for that the motion was discontinued. Title 13, § 119, Code of Ala., Recompiled 1958; Moving Picture Machine Operators Local No. 236, et al. v. Cayson, 281 Ala. 468, 205 So.2d 222(14); Moore v. Ashe, 269 Ala. 359, 113 So.2d 678.

In view of the end results of this appeal as appear in this opinion, we pretermit consideration of appellant's motion to amend citation and notice of appeal, security for costs and supersedeas bond; also appellee's motion to dismiss the appeal.

## PETITION OF APPELLEE FOR WRIT OF CERTIORARI

It appears from the record that appellant's written charges 2, 3, 4 and 5 were

not, at the time of the trial, marked "Given" or "Refused", and signed by the judge in compliance with Title 7, § 273, Code of Ala.1940.

Failure to comply with this statutory mandate was the subject of mandamus proceedings in this court. See In re All American Life and Casualty Company v. Moore, Jr., as Judge, etc. (Ex parte All American Life and Casualty Company), 286 Ala. 492, 242 So.2d 661.

Petitioner (appellant) invoked this remedy to compel the trial judge to write or mark "Refused" on each of said charges 2, 3, 4 and 5 (also on 1, 6 and 7) or appear at a time to be designated by this court and show cause why he should not be required to do so. Also petitioner prayed for a peremptory writ.

This court granted the alternative writ or rule nisi, but after answer filed, following issuance of the rule nisi, this court took cognizance of the fact that in the special prayer petitioner did not pray that the respondent judge be required to sign his name to each of the seven charges after having marked each of them refused. However, such relief was included in the rule nisi pursuant to petitioner's prayer for general relief.

We observed in All American Life and Casualty Company v. Moore, supra, as follows:

"We do not feel that the petitioner has shown a clear legal right to justify the issuance of the peremptory writ. True, the petition avers and the answer does not deny that the seven charges were not given, and in Paragraph 6 the petitioner avers categorically that the respondent judge refused to give those charges, but we think that categorical allegation is refuted by the averment of the answer to the effect that the respondent judge has no independent recollection of the charges being presented to him. It may well be that the charges were delivered to the respondent judge and that

he placed a rubber band around them, as is alleged in the petition, and failed to give them to the jury. But it does not follow that he read the charges other than perhaps Charge No. 1 and 'refused' them because they did not state correct principles of law or were not otherwise entitled to be given. We do not think that a trial judge should be ordered by this court to mark 'refused' and to sign a charge which he has not actually refused after giving the charge consideration.

"We agree with able counsel for petitioner that the mere writing of the word 'refused' and the name of the judge on a requested charge is a ministerial act. But that act must follow an act judicial in character, ·the determination by the judge of the correctness or incorrectness of the requested charge. We cannot say that petitioner has shown that the trial judge made such a judicial determination except perhaps as to Charge No. 1. The judge may have negligently or inadvertently failed to consider the other charges but if so, we do not feel that we would be justified on those grounds in ordering him to refuse the charges after the completion of the trial, the denial of the motion for new trial where the question was not raised, and after the perfection of an appeal to this court. We do not have in this case a situation where we could order the respondent judge to exercise his judicial discretion or judgment even though it be conceded that he failed to perform a duty which is judicial in character. See State of Alabama ex rel. Pinney v. Williams, 69 Ala. 311, 319.

"If counsel who represented the petitioner in the trial court did not feel called upon to investigate to see whether or not his requested charges had in fact been properly refused before the case went to the jury, we feel that he should have at least made investigation concerning the failure of the trial court to give those charges before the filing of his motion for a new trial which, as we have

shown above, averred that the trial court refused to give those charges.

"The peremptory writ of mandamus is denied."

Thus, it appears that petitioner averred that the charges were refused, but we held that such allegation was refuted by Judge Moore's averments in his answer that he had no independent recollection of the charges being presented to him. Hence, and for other reasons, we declined to order him to mark the charges "refused", and to sign his name thereto when he had not actually refused them after giving them consideration.

But, it appears in the record that on January 8, 1971, following the publication of our decision on December 23, 1970, denying issuance of a peremptory writ, the trial judge, at appellant's request, marked "refused" and signed his name thereto on each of charges 2, 3, 4 and 5; that on January 20, 1971, the transcript of record in this case was filed with this court containing said charges. These charges, as they appear in the record before us, were each marked "refused" and purport to have been signed by the trial judge, Bob Moore, Jr.

■ It thus appears that the trial judge formed and exercised judicial judgment that the charges 2, 3, 4 and 5 were not valid or correct. He then performed a ministerial duty of marking these charges "refused" and signed his name thereto.

This purported judicial judgment was reached after appellant filed its petition here on October 3, 1968, for a rule nisi and a peremptory writ to compel the trial judge to perform a ministerial act of marking each charge "refused" and signing his name thereto. At that time, according to respondent's answer to the petition filed here November 6, 1968, and in the opinion of this court (All American Life and Casualty Company v. Moore, supra) he had not made a judicial determination as to the correctness of these charges.

Such judicial determination comes too late, because an appeal to this court had been taken by All American. Jurisdiction of this court attached on July 12, 1968, at which time security for costs and a Supersedeas Bond had been filed and approved. Such filing and approval perfected an appeal. Title 7, § 766, Code of Ala.1940; Austin v. City of Anniston, 243 Ala. 214, 8 So.2d 410; McCulley v. Stroud, 286 Ala. 515, 243 So.2d 28; Maya Corporation et al. v. Smith et al., 239 Ala. 470, 196 So. 125.

Under the facts here obtaining and in view of our holding in All American, etc. v. Moore, etc., supra, we conclude that the trial judge had been divested of his jurisdiction when he made a judicial determination, if in fact one was made, refusing the charges, and impressed each charge, 2, 3, 4 and 5, with the word "refused" and signed his name thereto.

■ It is to be noted that this court takes judicial knowledge of its own records. Vol. 9, Ala.Dig., Evidence, ⊜43; Jackson, etc. v. Chemical Nat. Bank, 215 Ala. 538, 112 So. 105(7).

■ We think and so hold that the issuance of a writ of certiorari to the Circuit Clerk of Marion County to send up an amended transcript of the record which does not contain written charges 2, 3, 4 and 5 as the same appear on pages 15 and 15A of the transcript (with the words, "Refused, Bob Moore, Judge" thereon), would be unnecessary procedure even if allowable. The decision of this court on the original mandamus petition, supra, and the records before us, justify this court in treating the words, "Refused, Bob Moore, Judge" as surplusage and without lawful efficacy or significance. The charges, in the opinion of this court, were never lawfully ruled on prior to this appeal. Petition for certiorari here filed by appellee, to be directed to the Clerk of the Circuit Court of Marion County, is denied.

**680**

## ON DEMURRER TO COMPLAINT

Assignment of Error No. 5 asserts that the trial court erred in overruling defendant's (appellant's) demurrer to plaintiff's complaint. We will consider only those grounds that are adequately argued.

■ Ground 2 charges that the complaint fails to state a cause of action against defendant. This ground is general and contravenes Title 7, § 236, Code of Ala.1940. See also United Insurance Company of America v. Pounders, 279 Ala. 410, 186 So.2d 125; Caffee v. Durrett, 282 Ala. 71, 209 So.2d 210; Bright v. Wynn, 210 Ala. 194, 97 So. 689(2); Ala.Dig., Vol. 2, Appeal & Error, ⬥231(2). This ground has no merit.

[6] Ground 3 of the demurrer states that the averments of the complaint are merely conclusions of the plaintiff with no facts alleged to support said averments.

This ground is also general and without merit. Title 7, § 236, Code of Ala.1940, supra; Johnson v. Ralls, 286 Ala. 565, 243 So.2d 673; Central of Georgia Ry. Company v. Hinson, 262 Ala. 223, 78 So.2d 286(7).

Ground 11 charges said count fails to apprise the defendant of any breach of the contract of insurance between defendant and the plaintiff; but the complaint alleges a breach of contract.

■ Ground 12 charges that the allegations of the complaint by the plaintiff fail to apprise the defendant what the defendant is to defend.

This ground is general and contravenes Title 7, § 236, Code 1940. See United Insurance Company of America v. Pounders, supra (2).

■ Ground 13 asserts that the allegations of the complaint fail to show that there was a repudiation of the contract of insurance.

The complaint alleges that on or about, to-wit, August 15, 1967, "the Defendant wrongfully and tortiously and without just cause or good excuse did cancel the Plaintiff's said policy of insurance, and thereby the Defendant insurance company tortiously and wrongfully breached the same and became liable to the plaintiff for the present value thereof on the date to which the Defendant has paid its monthly payments, as required by the terms and conditions of the said policy."

In Otterbein v. Babor & Comeau Co., 272 N.Y. 149, 5 N.E.2d 71, 72, it was held that "cancellation" of insurance contract means termination of insurance in accordance with the cancellation clause of the policy by insured, insurer or both; to cancel being "'to annul or destroy; to revoke or recall.'"

We think that the words "wrongfully * * * and without just cause or good excuse did cancel the plaintiff's said policy of insurance * * *" are broad enough to import repudiation of the policy by defendant (appellant).

The judgment of the trial court in overruling the demurrer was free of error as we view the argued grounds.

## ON THE MERITS

We will first consider Assignments of Error 1, 2 and 6.

Assignments 1 and 6 refer to the same written charge 2, which directs the jury, with hypothesis, to return a verdict for the defendant.

■ This charge was not lawfully marked "refused" and signed by the trial judge. See CERTIORARI, supra. Assignments of Error which do not refer to any ruling of the trial judge will not be considered on appeal. United Insurance Company of America v. Pounders, supra; Cash v. Usrey, 278 Ala. 313, 178 So.2d 91(9); Ala.Dig., Vol. 2A, Appeal & Error, ⬥724(1).

■ Assignment of Error 2 asserts that the court erred in overruling appellant's motion for a new trial. There was no lawful ruling on this motion. It was discontinued. See MOTIONS, supra. In the absence of a lawful ruling there is nothing to review. See citations in the preceding paragraph.

## RULINGS ON EVIDENCE

Appellant challenges the court's adverse ruling on defendant's objection to a question as follows:

"Q. At this time, shortly before you passed out did you have any chest pains or any pains in your arms, or anything like that?

"MR. SELF: Object to that as leading. It calls for a conclusion of the witness as to what particular pain he would have."

■ Overruling on the ground that question was leading was free of error. Allowance of leading questions is largely in the court's discretion and is not reviewable in the absence of abuse of discretion. Elliott v. McCraney, 26 Ala.App. 565, 163 So. 814; Louisville & Nashville R. R. Co. v. Dumas, 209 Ala. 324, 96 So. 243; 2A Ala.Dig., Appeal & Error, ☞971 (5). We do not think the question calls for a conclusion. It calls for a statement of fact concerning plaintiff's physical condition immediately before the heart attack which plaintiff suffered, and which he contends was totally disabling within the terms of the insurance policy. The ruling was correct. This assignment 7 is without merit.

Assignment 8 asserts error by the trial court in overruling appellant's objection to question propounded to plaintiff as follows:

"Q. Was this pain you had in your chest and left arm severe, or was it just now and then?

"MR. SELF: I object to that as leading and calling for a conclusion of the witness."

There was no error in the ruling. See Assignment 7, supra.

■ Assignment 9.

"Q. Were you in bed most of the time while you were in Auburndale?

"MR. SELF: Objection."

"THE COURT: Overruled. Answer."

"A. Practically all the time."

The objection was general and without specific assignment of ground or grounds.

This question did not call for evidence that was patently inadmissible under the issue. Circuit and Inferior Court Rules, Rule 33, Title 7, Code of Ala.1940, Appendix; Tankersley v. Webb, 263 Ala. 234, 82 So.2d 259. The ruling was free of error.

■ Assignment of Error 11 refers to the adverse ruling of the trial court on a question propounded to plaintiff as follows:

"Q. And I believe you stated to Mr. Self that you not only have this condition with your heart, but you also have arthritis?

"MR. SELF: I object to that as calling for a conclusion, and self-serving.

"THE COURT: Overruled."

The inquiry refers to plaintiff's heart condition as well as to an arthritic condition. Without question, the heart condition was a proper subject of inquiry. The objection is to both facets of the inquiry. The objection was properly overruled.

■ Assignment of Error 12.

"Q. And you say you had four skin grafts on your leg since July of 1965?

"A. Yes.

"Q. And that was partially caused by this lick you had on that same leg since July of 1965?

"MR. SELF: Objection.

"THE COURT: Overruled."

It appears in the record that defendant, on direct examination of plaintiff, made an inquiry of plaintiff as follows:

"Q. Have you been treated by either of these physicians since you moved to Winfield?

"A. No, sir, Dr. Couch was my heart doctor when I came up here until he died, and, of course, Dr. James Gaba, he has done four operations, skin grafts on my legs since I have been up here and since Dr. Couch has passed on * * *.

"Q. All Dr. Gaba did since you moved to Winfield and until Dr. Couch's death was to treat your leg?

"A. Yes, sir."

Plaintiff merely pursued the subject of treatment for plaintiff's leg. There was no error on the part of the court in over-ruling defendant's objection to the evidence. It was a legitimate pursuit of a subject that defendant opened up.

Assignment of Error 13.

■ Appellant here challenges the adverse ruling of the trial court to the inquiry of plaintiff's attorney to plaintiff, as follows:

"Q. I notice, Mr. Dillard, that when you walk you have a distinct limp as a result of that injury to your leg?

"MR. SELF: I object to that.

"THE COURT: Sustained.

"Q. In other words, after you walk for a little bit you can walk better?·

"MR. SELF: I object to that as calling for a conclusion. ·

"THE COURT: Overruled."

We think this question called for a factual answer that was forthcoming. The answer was: "Yes".

Assignment of Error 14.

■ Adverse rulings by the court to defendant's objections were made by the trial court to questions to plaintiff as follows:

"Q. As I understand it, you just went along for the ride?

"A. Yes, sir.

"Q. Did you take your medicine with you?

"MR. SELF: I object to that.

"THE COURT: Overruled.

*　　*　　*　　*　　*　　*

"A. Yes, sir."

We think the record discloses that the "medicine" referred to was medicine prescribed for plaintiff's heart condition. There was no error in allowing plaintiff to show a continuation of the treatment, prescribed by his physician, for his heart condition.

■ Assignment of Error 15.

There was no error in allowing plaintiff to answer the question as follows:

"Q. Did you take your oxygen and glycerin and all your medicine on that trip?

"MR. SELF: Object to that. It calls for a conclusion."

The answer was: "Yes, sir".

The question called for a factual answer that followed. There was no error in the ruling of the court.

Assignment of Error 16.

There was no error on the part of the court, over defendant's objection, in permitting the following question:

"Q. In other words, the business of staying around the house all the time gets mighty old and tiresome, does it not?

"MR SELF: Objection.

"THE COURT: Overruled. You may answer.

"A. You don't know it until you've tried it."

This question and answer merely deal with the wear and tear on a person having to stay around the house while suffering from a heart condition. It implies the need of recreation. We are unwilling to say that the question and answer were patently irrelevant and illegal. Circuit and Inferior Court Rules, Rule 33, supra; Tankersley v. Webb, supra.

We conclude that the judgment of the trial court should be affirmed. It is so ordered.

Affirmed.

BLOODWORTH and McCALL, JJ., concur.

HEFLIN, C. J., and COLEMAN and MADDOX, JJ., concur in result.

HEFLIN, Chief Justice (concurring in the result).

I concur in the result that this cause is due to be affirmed under its present posture; however, I do not agree with all of the language of the affirming opinion. Further, I wish to point out that I did not participate in the decision and opinion in In re All American Life and Casualty Company v. Moore, Jr., as Judge, etc. (Ex parte All American Life and Casualty Company), 286 Ala. 492, 242 So.2d 661.