BLOODWORTH, Justice.
Plaintiff, Juanita B. Conville, appeals from the trial court’s entry of judgment confirming a sale for division. William R. Morgan, the purchaser at the sale moves for dismissal of the appeal. We deny the motion to dismiss and affirm on the merits.
Plaintiff was the owner of an undivided one-half interest in three tracts of real estate. Defendants were the owners of undivided interests in the same three tracts of land.
Plaintiff filed an action seeking a sale of the three tracts for division. The court ordered the sale of the tracts at public auction. A sale was conducted at which the tracts were sold separately for a total price of $11,625. Defendants objected to confirmation of the sale, claiming that the sales price was inadequate and showing that they had a firm offer from William R. Morgan to purchase the property for $16,000. The court set aside the first sale. At the second sale, Morgan was the high bidder and purchased all three tracts for a total of $16,000.
Plaintiff objected to confirmation of the second sale to Morgan, claiming that the *1320 price was inadequate. The trial judge set a date for a hearing on the objection. At the hearing, plaintiff’s attorney[1] advised the court that plaintiff had a firm offer to pay $25,000 for the three tracts of land. Defendants’ attorney told the court that some of the defendants favored confirmation of the sale to Morgan because they felt a duty to him. No evidence or testimony was taken at the hearing, and none was offered by either side. The trial court entered judgment confirming the sale to Morgan. Plaintiff moved for new trial. The motion was denied by operation of Rule 59.1, ARCP. Plaintiff appeals.
Morgan moves for dismissal of the appeal under Rule 2, ARAP, contending that plaintiff failed to treat him as a party to the appeal and failed to serve upon him any of the documents required to be served by Rule 25(b), ARAP.
Plaintiff contends that she was denied due process because the trial court confirmed the sale without conducting an evi-dentiary hearing on the objection to confirmation. She asks that we exercise our supervisory power over the circuit courts and grant her a new trial.
We agree with defendants’ contention that plaintiff was afforded a hearing, at which she was represented by her attorney, and had the opportunity to call witnesses if she so desired. Having failed to avail herself of the opportunity afforded, she cannot now put the trial court in error for not permitting her to do something which her attorney did not request. There is thus no adverse ruling of the trial court at the hearing upon which a new trial might be granted. Cash v. Usrey, 278 Ala. 313, 178 So.2d 91 (1965).
In view of the result we reach on the merits, it is unnecessary to consider the motion to dismiss the appeal.
AFFIRMED.
MADDOX, JONES, ALMON and EM-BRY, JJ., concur.

. This is not the same attorney as the one who now represents plaintiff on appeal.