In this case, a petition for a writ of mandamus or prohibition was filed by Judson C. Locke, Jr., Commissioner of Corrections for the State of Alabama. Respondents are Judge William F. Thetford of the Montgomery Circuit Court, Judges Edgar P. Russell, Jr., and J.C. Norton of the Dallas Circuit Court, and W.D. Nichols, Sheriff of Dallas County. Writ awarded conditionally.
On December 20, 1976, the members of the Montgomery County Commission filed suit in Montgomery Circuit Court seeking an order requiring Commissioner Locke to transfer state prisoners in the Montgomery County Jail to other jail facilities. They alleged that the Montgomery County Jail was overcrowded, unsanitary, unsecure, and unsafe and that there was a danger of lawless violence to the prisoners. They alleged that Commissioner Locke had the duty to make such transfers under Tit. 45, §§ 167-169, Code of Alabama 1940 (Recompiled 1958). In the alternative, they requested the court to direct removal of prisoners from the Montgomery County Jail to the nearest sufficient jail in any other county, under Tit. 45, § 133.
On December 29, Commissioner Locke appeared before Judge Thetford with documents relating to statewide jail populations. Evidence was taken concerning the conditions at the Montgomery County Jail.
On December 30, Judge Thetford issued an order based upon his finding that the Montgomery County Jail was overcrowded and insufficient. First, he ordered Commissioner Locke to remove 16 maximum security state prisoners from the Montgomery County Jail, eight to be designated by the Montgomery County Sheriff and eight to be designated by Commissioner Locke. Judge Thetford ordered that the selection of prisoners should comply with any previously imposed federal or state judicial guidelines and that the removal should be accomplished within five days.
Second, Judge Thetford ordered that 20 state prisoners be transferred from the Montgomery County Jail to the Dallas County Jail, which the court found to be the nearest sufficient jail, and directed the Dallas County Sheriff to take custody of the prisoners. The court found that the state was responsible for the cost of housing and medical care of state prisoners and ordered Commissioner Locke to "take every administrative action . . . within his authority to insure that the cost of housing (including medical expenses) of state prisoners is paid."
On the same day, Judge Russell issued a preliminary order directing the Sheriff of Dallas County to decline to receive any prisoners from any county other than Dallas or from any city other than Selma.
On January 3, 1977, after conducting an evidentiary hearing, Judge Russell issued an order directing that his order of December 30 remain in effect until he rendered further orders.
Following the conflicting orders of the Montgomery and Dallas Circuit Courts, Commissioner Locke petitioned the United States District Court for the Middle District of Alabama for instructions concerning the conflicting orders and the federal court order governing the state prison system. The federal court declined to give any instructions.
On January 4, 1977, Commissioner Locke petitioned this Court for a writ of mandamus or prohibition. The petition was amended on January 5.
On January 6, this Court issued an order setting a hearing for January 11 and staying Judge Thetford's order. On January 13, this Court issued an order which, inter alia, denied the Dallas County parties' motion to dismiss the petition.
The case was submitted after oral argument by the parties on April 14, 1977. *Page 421 
Commissioner Locke contends, first, that Judge Thetford had the authority, under Tit. 45, §§ 133 and 167, to order the transfer of prisoners from the Montgomery County Jail to the Dallas County Jail. The Dallas County respondents contend that § 133 is not applicable to the kind of problem faced by the Montgomery County Jail and that, in any event, Judge Thetford failed to follow the procedures outlined under § 133.
Second, Commissioner Locke contends that Judge Thetford's order regarding the transfer of 16 maximum security state prisoners should have designated the facility to which they were to be transferred. Judge Thetford denies that his failure to make such a designation was an abuse of discretion, but does not oppose Commissioner Locke's request that the order be amended to designate the facility.
Third, Commissioner Locke contends that Judge Russell had no authority to order the Sheriff of Dallas County, in effect, not to comply with Judge Thetford's order. He argues that, when a court of competent jurisdiction has assumed jurisdiction in a case, its authority continues, subject only to appellate review, until the matter before it is finally disposed of and no court of concurrent authority may interfere with its action. The Dallas County respondents argue that Judge Thetford erred in ordering a transfer to the Dallas County Jail because he did not have before him accurate information concerning the capacity of the Dallas County Jail and thus erred in his finding that it was the nearest sufficient jail. They further argue that due process was denied because the Sheriff of Dallas County was not made a party to and was not given notice of the action before Judge Thetford. Judge Thetford replies that § 133 does not contemplate any prior notice to the custodian of the receiving jail and further that the custodian of a jail does not have a significant, legally protectable interest in the number of inmates in the facility.
Finally, Commissioner Locke contends that Judge Thetford erred in directing him to take the administrative steps necessary to insure payment for the costs of caring for state prisoners because the Commissioner is not authorized to make payments to counties for expenses incurred in housing state prisoners. He argues that payment of those expenses is governed by Tit. 45, §§ 144, 148.
The only issues properly before this Court on Commissioner Locke's petition are those which relate to the conflicting orders of Judges Thetford and Russell. Mandamus and prohibition are both extraordinary legal remedies and will issue only when,inter alia, there is no other adequate remedy for the enforcement of a legal right or for the prevention of a usurpation or abuse of power. Alabama State Bar v. Simpson,289 Ala. 735, 272 So.2d 245 (1972); All American Life and CasualtyCo. v. Moore, 286 Ala. 492, 242 So.2d 661 (1970). Some of the issues raised by Commissioner Locke are not properly before this Court on his petition for writ of mandamus or prohibition, because they could have been presented by an appeal of Judge Thetford's order. Those issues pertain to Commissioner Locke's contention that Judge Thetford should have designated the facility to which the 16 maximum security state prisoners were to be transferred, his contention that Judge Thetford erred in directing him to take the administrative steps necessary to insure payment for the costs of caring for state prisoners, and his contention that Judge Thetford's order should be amended.
Mandamus is the appropriate remedy in this case, because Commissioner Locke is seeking to enforce a legal right, viz., the right to have a void order set aside. All American Life andCasualty Co. v. Moore, supra.
We hold that Judge Thetford acted without jurisdiction in issuing an order concerning the Dallas County Jail because the Sheriff of Dallas County, the lawful custodian of the Dallas County Jail, was not made a party to the action. Tit. 45, § 115, Code of Alabama 1940 (Recompiled 1958). Any order that prisoners be transferred to the Dallas County Jail is, by operation of *Page 422 
law, an order directed to the Sheriff of Dallas County, because he is the person who must take custody of the prisoners. Judge Thetford's order was issued even though the Sheriff of Dallas County had not been given notice of the proceeding or an opportunity to be heard. Consequently, Judge Thetford did not have jurisdiction over the person of the Sheriff of Dallas County and had no authority to issue an order which would require him to take any action.
Our holding here does not take away the authority of circuit and district judges under Tit. 45, § 133, but merely recognizes that the exercise of the power granted there is subject to constitutional requirements of due process.
From our conclusion that Judge Thetford's order is coram nonjudice and void for want of due process, it must necessarily follow that the legal efficacy of Judge Russell's orders is, for the purposes of this present case, moot, because they were made in response to Judge Thetford's order.
Therefore, let the writ issue unless Judge Thetford sets aside his order within 30 days from the date of this decision.
WRIT AWARDED CONDITIONALLY.
TORBERT, C.J., and JONES, ALMON and EMBRY, JJ., concur.